## Case No. 321.
### AMERICAN WOOD-PAPER CO. v. GLEN'S FALLS PAPER CO.

[8 Blatchf. 513;[1] 4 Fish. Pat. Cas. 324, 561.]

Circuit Court, N. D. New York. June, 1870.

PATENTS FOR INVENTIONS — EXTENSION BY COMMISSIONER— PAPER PULP — EXTENT OF CLAIM— IMPROVEMENTS IN PROCESS.

1. The extension of a patent by the commissioner of patents is a judicial act, not to be impeached, except in some direct proceeding duly instituted for that purpose.

2. The letters patent granted to Marie Amedie Charles Mellier, May 26th, 1857, for fourteen years from August 7th, 1854, for an "improvement in making paper pulp," are valid. Mellier was the original and first inventor of the process claimed therein, and his invention is useful.

3. The first claim of that patent being for "the use of a solution of caustic soda, (Na O,) in a compartment of a rotary vessel, separate from that which contains the steam heat, substantially as described," semble, that the mere substitution of heated air, or fire heat, instead of steam, would be an evasion of the patent, involving no substantial difference in the operation.

4. As to the second claim of that patent, which is for "the within described process for bleaching straw, consisting in boiling it in a solution of pure caustic soda, (Na O,) from two to three degrees Baume, at a temperature of not less than 310 degrees Fahrenheit, after it has been soaked and cleansed, and before submitting it to the action of a solution of chloride of lime, from one to one and a half degrees, substantially as described," the patentee is not confined to so exact and literal an interpretation of that claim, that, by abating a trifling degree of heat, countervailed by extending the process a fraction of time, or other departures not substantially different, the liability for infringement may be avoided; and, in respect of heat, the use of the precise amount is not limited, so as not to include higher degrees.

5. *Held*, that, if the defendants had made any improvements on Mellier's process, they had not thereby changed its substantial character, or acquired the right to use it.

[In equity. Bill by the American Wood-Paper Company against the Glen's Falls Paper Company for an accounting, and for an injunction restraining the infringement of patent No. 17,387, and reissues Nos. 1,448 and 1,449 of patent No. 11,343. Decree for plaintiff. A rehearing was subsequently granted, and is reported under same title. American Wood-Paper Co. v. Glen's Falls Paper Co., Case No. 321a.]

Re-issued letters patent Nos. 1,448 and 1,449 were granted to William F. Ladd and Morris L. Keen, as assignees of Charles Watt and Hugh Burgess, April 7th, 1863, for "improvements in pulping and disintegrating vegetable substances." The original letters patent [No. 11,343] were granted, as a single patent, to Watt and Burgess, July 18th, 1854, for fourteen years from August 10th, 1853, and were re-issued to Ladd and Keen, October 5th, 1858, and again re-issued to them, in two parts, April 7th, 1863. The claims of

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

these two re-issues are set forth in American Wood-Paper Co. v. Heft, [Case No. 322.] This suit was brought, in part, also, on letters patent granted to Marie Amedie Charles Mellier, May 26th, 1857, for fourteen years from August 7th, 1854, for an "improvement in making paper pulp." The specification and claims of this patent are set forth in Buchanan v. Howland, [Id. 2,074.] The claims were as follows: "(1.) The use of a solution of caustic soda, (Na O,) in a compartment of a rotary vessel, separate from that which contains the steam heat, substantially as described. (2.) The within described process for bleaching straw, consisting in boiling it in a solution of pure caustic soda, (Na O,) from two to three degrees Baume, at a temperature of not less than 310 degrees Fahrenheit, after it has been soaked and cleansed, and before submitting it to the action of a solution of chloride of lime, from one to one and a half degrees, substantially as described." This suit was brought in 1867. The Mellier patent having expired during its pendency, a supplemental bill was filed, alleging that the patent was duly extended on the 24th of July, 1868, for seven years from the 7th of August, 1868. The defendant in this case was manufacturing paper from straw alone. The case was heard on pleadings and proofs, and decided in June, 1870.

Thomas A. Jenckes, for plaintiff.

Henry R. Selden and Joel Tiffany, for defendant.

WOODRUFF, Circuit Judge. The time required for the reading, study, and comparison of the mass of evidence, oral and documentary, and the pleadings, exhibits, arguments of counsel and other documents submitted in this cause, forbids that I should, with numerous other cases before me requiring examination, devote much time to the labor of writing an opinion. To discuss the case upon all the evidence, would require time which is demanded of me by other parties for the consideration of their cases. I have examined with great care the pleadings, proofs, and arguments, and cases referred to, and confine myself to a very brief statement of my conclusions without discussion or elaboration.

In the first place, as to the objection founded upon an alleged irregularity in the extension of the patent held by the complainants. This objection goes only to the measure of the relief to be granted if the complainants sustain their bill in other respects. It would limit the period of accounting and forbid the granting of injunctions. I regard the objection, however, as unavailing. First. Because I think no fraud was practiced by the applicant for the extension; and if the reference, made in the order extending the time to file proofs, to rule 74, in distinct terms and making such

extension subject thereto, did not per se prevent the claim that the time to file arguments was also extended, it is nevertheless only an irregularity. The extension of the time for closing testimony to July 16'(i. e. for fifteen days), was made expressly under the conditions prescribed by the seventy-fourth rule. That rule forbids a postponement of the hearing so as to cause risk of preventing a decision in season. To have allowed after the 16th, twenty days for the reception of arguments, would have extended the time till the 5th day of August, in a case in which the patent sought to be extended would expire on the 7th.

It seems quite clear that a misunderstanding existed on the subject in the mind of the contestants and that there was an oral arrangement between Mr. Stoughton. on behalf of the applicant, and the attorney for the contestants, that the arguments might be submitted by the 30th and 31st of July. But it is not shown that the commissioner made any such order. The existence of this arrangement, notwithstanding the present denial of Mr. Stoughton's authority to make it on behalf of the applicant, may have been sufficient ground for opening the case, if the power existed, and if it was practicable to do so, and obtain a decision before the patent expired. I am not satisfied that upon the proofs I could pronounce the extension void if the matter was open to consideration as a ground of defense.[2]

Second. I regard the opinion of the supreme court, delivered by Mr. Justice Swayne, in Rubber Co. v. Goodyear, 9 Wall. [76 U. S.] 788, as conclusive on this subject, and that the extension of the Mellier patent by the commissioner must be treated as a judicial act, not to be impeached, except in some direct proceeding duly instituted for that purpose. In the language of that opinion: "His decision must be held conclusive until the patent is impeached in a proceeding had directly for that purpose, according to the rules which define the remedy, as shown by the precedents and authorities upon the subject. We are not, therefore, at liberty to enter upon the examination of the evidences of fraud to which we have been invited by the counsel for the appellants. The door to that inquiry in this case is closed upon us by the hand of the law." See, also, Foley v. Harrison, 15 How. [56 U. S.] 433, 448. As to the merits of the case made by the complainant, it is sufficient for the decision of this case to say, that I concur in the opinion of Judge Hall, (Buchanan v. Howland. [Case No. 2,074,]) wherein he says: "We think the patent of Mellier is valid; that he is the original and first inventor of the process claimed therein; that his invention is useful." And I concur in the reasons for this conclusion fully stated in his opinion.

[2][From 4 Fish. Pat. Cas. 324.]

It is not necessary to consider the first claim made in that patent, for two reasons: The validity of the patent in respect to the second claim, establishes the complainant's right, for the purposes of this case; and I do not understand that the defendant is using vessels of the description mentioned in the first claim. Nevertheless, if the difference consisted simply in the substitution of heated air (or fire heat) instead of steam, I should strongly incline to hold that the substitution was an evasion, involving no substantial difference in the operation which the patent was designed to protect.

Upon a most painstaking consideration of the proofs, I think the defendant has not withdrawn this case from the operation of the views expressed by Judge Hall in the case referred to. I am constrained, by the proofs given by the defendant itself to find, that the invention by Mellier and his process, substantially described in the patent, are the grand inventions that have brought into practical use the art of converting woody substances into useful pulp for the manufacture of paper, in a manner convenient and economical; and that, without them, all the experience of chemists, inventors, and manufacturers prior thereto, was unavailing, (the inventions of Watt and Burgess, perhaps, excepted.) The testimony of the various witnesses called to attack the process of Mellier, (themselves mainly connected with rival manufactories, alleged to be infringing the patent,) shows slight departures, in some details, from the exact letter of Mellier's description, some in one direction and some in the opposite, each declaring that his own is the best and most useful, efficient or economical, thus contradicting each other, and showing, to my mind, most conclusively, that the process of Mellier is the true and effective one, around which these opposing opinions gather, throwing doubt not upon that, but upon the usefulness and materiality of the respective deviations therefrom. Concurring as I do with Judge Hall, that the patentee is not confined to so exact and literal an interpretation of his claim, that, by abating a trifling degree of heat, countervailed by extending the process a fraction of time, or other departures not substantially different, the liability for infringement may be avoided, and that, in respect of heat, the use of the precise amount is not limited, so as not to include higher degrees, I regard the variations by the defendant as immaterial departures from his description. If the defendant, or any of its witnesses, have made any improvements upon this process, by adding salt, or grease, or petroleum, they have not thereby changed its substantial character, nor acquired the right to use it. But, as to all these points, the proofs on behalf of the complainant seem to me to fully sustain its claim.

As to infringement by the defendant, what I have said leaves but one result. My in-

ference from all the testimony is, that, since the value of this patent has become known and appreciated, manufacturers of paper, and experimenters upon wood and straw, have been industrious, and, I might doubtless say, ingenious, in their endeavors to evade it, by colorable departures therefrom, and by suggesting some useless additions, therein repeating the history of all important inventions, and the experience of useful inventors since patents were granted. I find, therefore, that the process used by the defendant is, in substance, Mellier's process, and that the complainant is entitled to a decree.

I forbear discussing the title of the complainants under the patents of Watt and Burgess, or expressing any opinion thereon, because I do not deem it essential to the decision which I make. To hold that the complainant is not entitled to maintain its bill as assignee of the Watt and Burgess patents, would not conflict with my view of its right under the Mellier patent; while, if the Watt and Burgess patents are also infringed, its title to recover would be no less. A decree must be entered directing an account in the usual form, and awarding an injunction restraining the defendant from using the process of Mellier, or that it is now using, which is adjudged an infringement, or any process substantially the same, with other proper incidental and usual details, with costs.

[NOTE. A rehearing was granted in this case, and is reported under same title. American Wood-Paper Co. v. Glen's Falls Paper Co., Case No. 321a. For a reference to other cases involving the patents and reissues passed upon in this case, see note to American Wood-Paper Co. v. Fibre Disintegrating Co., Id. 320.]