# THE TWO MARYS.

### (*District Court, S. D. New York.* April 4, 1882.)

1. ADMIRALTY PRACTICE—CLAIMANT—RULE 26.

   A "claimant" in the admiralty practice, under rule 26, is a person who assumes the position of a defendant and demands the redelivery to himself of the vessel arrested. An "intervenor," under rule 34, is one who, without demanding the redelivery of the vessel, seeks only the protection of his interest in her, or the payment of his claim in the ultimate disposition of the case.

2. SHIPWRIGHT—COMMON-LAW LIEN.

   A shipwright in possession under a common-law lien, from whom the vessel is taken upon arrest by the marshal, has an election to appear as a technical "claimant" for the redelivery of the vessel, or as an "intervenor" only for the recognition and payment of his claim; but, having appeared as "claimant" and given a bond for the libellant's demand, he has not a right, as a matter of course, afterwards to change his position to that of an intervenor merely

3. SAME—APPEARANCE AS CLAIMANT.

   Where, however, during the pendency of proceedings upon exceptions to the shipwright's right to appear as "claimant," the master, being part owner, also appeared as an adverse "claimant" for the possession of the vessel, and, on application to the court, had received possession upon executing a bond for her value, conditioned for her return to the shipwright or for the payment of his claim, and the determination of the amount due to him, became therefore, involved in the action, *held* that, on the shipwright's application, his right to appear as "claimant" having been determined in his favor, he should be allowed to file his petition setting forth the amount and grounds of his claim, and that the libellant, the adverse claimant, or other part owners, should make answer thereto as advised.

Motion for leave to file petition to intervene and for answers thereto.

*Scudder & Carter* and *Geo. A. Black,* for motion.

*H. B. Kinghorn* and *R. D. Benedict,* opposed.

BROWN, D. J. The libellant, on January 25, 1879, filed a libel for supplies furnished to the Two Marys during the year 1878. Process was served upon the schooner while she was in the ship-yard of Hawkins undergoing enlargement and repairs, but she was not then taken into the custody of the marshal. On the sixteenth of September following, while still in possession of Hawkins, as he claimed, she was seized by the marshal upon the waters adjacent to his yard and removed to this city. On September 22d Hawkins filed his claim as a lienor in possession, claiming to be restored to possession, and on the same day gave a bond under the act of 1847 for the libellant's claim, but did not obtain the possession of the vessel thereby, as Crowley, the captain and owner of one-sixteenth, also claimed to

be in possession. The facts appertaining to this controversy have been stated in previous opinions of this court. 10 Ben. 558; *The Two Marys*, 10 FED. REP. 919.

On October 14, 1879, the marshal retook possession of the vessel under the order of this court. On October 20th Crowley filed his claim, stating that he was the master and owner of one-sixteenth; that he was in possession prior to the seizure by the marshal; and demanding that possession be restored to him. He gave a stipulation for costs, but no bond or stipulation for value. On October 24th exceptive allegations were filed to the claim of Hawkins, alleging that he had no lien or interest recognizable in this court. On October 29th Hawkins filed a petition that the libel be dismissed for want of jurisdiction, alleging that the libellant had no lien, to which petition answers were filed by Crowley and libellant, on November 21st, and upon these answers to the petition the libellant and Crowley moved that the said petition to dismiss the libel be itself dismissed. On the eleventh of December the opinion of my predecessor was filed, directing that both motions be denied, and directing a reference upon the exceptive allegations as to Hawkins' right to appear in the suit. An order of reference accordingly was entered on December 23d, and upon the report of the referee this court, in the opinion of March 6, 1882, decided that Hawkins had a common-law possessory lien upon the vessel, at the time of her arrest by the marshal, which entitled him to a standing in this suit. *The Two Marys*, 10 FED. REP. 919.

On December 23, 1879, a further order was entered, denying the motion of Hawkins to dismiss the libel, and the counter-motion to dismiss the petition, which order recited that it was "conceded on the part of Hawkins that his petition was not filed under the thirty-fourth rule, but only as a ground for dismissing the libel, without prejudice, however, to any right he might have by proper proceedings thereafter to intervene under said thirty-fourth rule;" and the order directed that "said petition remain on file as a ground for a motion to dismiss the libel after the determination of the right of said Hawkins to become a claimant herein."

The right to appear in the suit having been now decided in favor of Hawkins, this motion is made in his behalf upon the facts stated in the said petition of October 29, 1879, for leave to intervene under the thirty-fourth rule; that said petition stand as such petition of intervention; that he be allowed to amend the ninth article thereof by inserting the averment that the libellant had no lien for the reason that he was an owner at the time of furnishing the supplies, and that

the prayer of the petition be amended so as to demand the dismissal of the libel, payment of the amount of the lien of Hawkins, or the return of the vessel to him, and that the answers of the libellant and Crowley to the said petition stand as answers to such petition of intervention, and the issues raised thereby be set down for trial or referred.

The motion is opposed by the libellant on the ground that, having taken the attitude of a "claimant" under the twenty-sixth rule, demanding the return of the vessel, and having given a bond under the act for the amount of the libellant's claim, Hawkins cannot be allowed to change his position as that of a mere intervenor under the thirty-fourth rule.

An examination of the papers shows clearly that up to the time of this motion Hawkins has held no other attitude than that of a claimant in the technical sense, in accordance with the claim filed on September 22, 1879, and the bond then given by him for the return of the vessel to his possession. The effect of the bond was to release the vessel so far as respects the libellant's claim, and to substitute the obligations of the bond in its place. Hawkins, as a lienor in possession at the time of the arrest of the vessel, had an election either to appear as a technical claimant demanding possession of the vessel, (*The Jenny Lind*, 3 Blatchf. 513; 2 Conk. Adm. 203,) whereupon he would assume the situation of a defendant as respects the libellant, and as such would be required to answer the libel; or to intervene merely for his own interest, to have his claim paid out of the proceeds of the vessel or secured before her delivery to another claimant. *The Nordstjernen*, Swab. 260. *The Harmonie*, 1 Wm. Rob. 178; *The Two Marys*, 10 FED. REP. 919. In the latter case the petition of intervention stands in the nature of a libel, to which answers may be required from other parties in interest. The two modes of asserting such a lienor's claim are not harmonious, and should not be authorized at the same time as against the same party; certainly not without very strong reasons for such a course, and none such appear in this case as against the libellant, who asserts a lien upon the schooner for supplies furnished to her. Whether she is still in existence or not does not appear, and the libellant's remedy upon the bond given by Hawkins cannot be suffered to be impaired.

As respects the libellant, therefore, no reason appearing for authorizing any change in the position as "claimant" up to this time asserted by Hawkins, the motion should be denied, and any issue as to the libellant's claims should be raised by way of answer to the libel.

As respects Crowley and his representatives the situation is different. He also appeared as technical "claimant" of the vessel, averring that he was the master and owner of one-sixteenth, and that he was in possession at the time of her arrest by the marshal. Subsequently, upon December 31, 1879, upon his application and the consent of the other owners, the marshal was ordered to deliver possession of the vessel to Crowley, upon his filing a stipulation, in the sum of $7,000, conditioned "that the said vessel should be safely returned, without waste, deterioration, or encumbrance, to the custody of the marshal, under the process in this cause, if the court or any appellate court shall so order, and to await the final decree of the court or of the appellate court; or, in default of such return, if ordered, that the said Crowley will, if the court shall so order, deposit said sum of $7,000 with such depositary as the court shall direct, to be held subject to the same lien or claim on or in it which said Hawkins now has in and upon said vessel." Under this order Crowley gave a stipulation with sureties as required, and received possession of the vessel from the marshal. The vessel, therefore, being no longer in the custody of the court, and the remedy of Hawkins being upon the stipulation given by Crowley, an adverse claimant of the vessel, it is manifest that the rights of the parties cannot be adjudicated without the determination of the amount of Hawkins' claim. A mere answer denying the rights asserted by Crowley would not determine the questions involved. A deposit of money under the stipulation would be but a security for Hawkins' claim, and the amount of his claim must necessarily be determined.

The claimant, Hawkins, should therefore file his petition setting forth the amount and grounds of his claim, to which Crowley, or his representatives, he being deceased, or any other part owners of the vessel who may appear in time, will have leave to answer on filing stipulation for costs. An order may be entered in conformity with this decision.