## THE CARTONA.

(Circuit Court of Appeals, Second Circuit. March 3, 1924.)

No. 261.

1. **Admiralty ☞50—Right to answer in suit in rem depends on right to claim res.**

No one has a right to answer in a suit in rem in admiralty, unless he has put himself in the position of a claimant, and the right to claim may itself be tested in limine by the libelant.

2. **Admiralty ☞50—Intervener in suit in rem must have interest in vessel.**

While the interest which an intervener seeks to protect by an intervention in a suit in rem need not itself be a maritime lien, but may be an interest in the vessel otherwise acquired, one who has indemnified a stipulator for value for release of the vessel has no interest in the res released by the stipulation, and has no right to intervene.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Peter Paulsen against the steamship Cartona, with Levison & Co. intervening. Decree for libelant, and interveners appeal. Affirmed.

Olcott, Bonynge, McManus & Ernst, of New York City (Curley C. Hoffpauir, of New York City, of counsel), for appellants.

Haight, Smith, Griffin & Deming, of New York City (Clarence B. Smith and Frank A. Paul, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge. This suit in rem was brought to enforce a conventional lien—one existing by an express written hypothecation of the vessel, executed by the owner. As to the validity of this document, or its effect as against other lienors, we do not find it necessary to express opinion, because we feel sure that the parties intervening, who by their appeal seek to present that question, have no right so to do. Libelant filed a libel correct in form and seized the vessel. The owner appeared, claimed, and gave stipulation for value. No

answer was ever filed; peremptory exceptions to the libel were tendered. Down to this point Levison & Co. were strangers to the record, and their only connection with any party in the record was that they had given indemnity to the stipulator for value in consideration of his stipulation.

The owner's exceptions were overruled in the court below, and, there being no answer, the usual interlocutory decree and order of reference was entered, and at this point the owner abandoned contest. After testimony had been taken before the commissioner, Levison & Co. prayed leave to intervene and defend. This application libelant resisted, but finally, on condition that the cause be speeded, consented that an order be entered permitting Levison to answer and argue the matter upon the testimony already taken before the commissioner. This was done, the commissioner reported in favor of the libelant, his report was confirmed, and the interveners appealed.

[1] This appeal being a new trial, we may, and indeed must, scan the record to ascertain the right of parties, either to attack or defend, before declaring opinion as to success of either attack or defense. The right of answering in denial or avoidance of the libel, and all of it, in a suit in rem in the admiralty, depends upon the right to claim. No one can answer unless he has put himself in the position of a claimant, and the right to claim may itself be tested in limine by the libelant.

The claimant in admiralty may defend in rem, because he demands the redelivery to him of the arrested vessel. The right of possessing the quasi personified vessel proceeded against in rem—i. e., for the enforcement of a maritime lien—is the foundation of his right to defend, as against the whole libel. The Two Marys (D. C.) 12 Fed. 152. As Levison & Co. had no right to the possession or delivery to them of this vessel, they never could be claimants. An intervener is one who appears pro interesse suo, but, if the action is in rem, he must have an interest in the res. Ben. Adm. (4th Ed.) § 407.

[2] The interest which an intervener seeks to protect need not itself be a maritime lien. Thus an interest acquired by judgment and execution will permit intervention. The Vigilancia, 73 Fed. 452, 19 C. C. A. 528. That persons who for reasons of their own pay another to give a stipulation for value have no interest in the res released by the stipulation is too plain for argument. They are interested, doubtless, in escaping the consequences of their obligation, but that is not enough. In order to intervene in this suit in rem they must show an interest in the Cartona, and this they have not done and cannot do. It was error, even on consent, to permit Levison & Co. to be called interveners. Unless they could be legally interveners, they had and have no right to be here. But, as they took nothing by their effort, the decree is affirmed, without costs.