168

Joseph LEOTTA, Libelant,

v.

THE S.S. ESPARTA, United Mail Steam-
ship Company and United Fruit
Company, Respondents.

United States District Court
S. D. New York.

Oct. 27, 1960.

———◇———

DiCostanzo & Klonsky, Brooklyn, N.
Y., for libelant, Edward D. Lory, Brook-
lyn, N. Y., of counsel.

Burlingham, Hupper & Kennedy, New
York City, for respondents United Fruit
Co. and S.S. Esparta, John J. Crowley,
Francis I. Fallon, New York City, of
counsel.

DIMOCK, District Judge.

Libelant, a longshoreman, sues the Steamship Esparta, the United Mail Steamship Company and the United Fruit Company for damages for personal injuries alleged to have been caused by the unseaworthiness of the Esparta. Libelant was an employee of United Fruit Company which had the dual capacity of charterer of the Esparta, under a demise charter, and stevedore. Libelant was employed in United Fruit Company's stevedoring operations. United Mail Steamship Company, the owner of the Esparta, has not been served or appeared.

Respondents Esparta and United Fruit Company except to the libel on the ground that United Fruit Company's liability to libelant under the Longshoremen's and Harbor Workers' Compensation Act renders it immune under section 5 thereof, 33 U.S.C. 905, from all other liability to the United Fruit Company and that any recovery against the ship would be a violation of this immunity.

It is settled in general that a ship the unseaworthiness of which has caused injury to a longshoreman is liable for the full damages caused despite the fact that his employer is liable only for compensation under the Longshoremen's and Harbor Workers' Compensation Act. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

The question presented here is whether the longshoreman loses this right where his employer is the demisee of the ship.

The question has been passed upon in two cases. Judge Bondy of this court held against the longshoreman in Vitozi v. S.S. Platano, D.C.S.D.N.Y., 1950 A.M. C. 1686, and Judge Clary, of the Eastern District of Pennsylvania, upheld the longshoreman's claim in Reed v. The Yaka, D.C.E.D.Pá., 183 F.Supp. 69. With regret at having to differ from Judge Bondy, I am constrained to follow the Reed case.

Against liability to the longshoreman it is argued that, where the longshoreman's stevedore-employer is the owner, rather than the mere demisee, of the ship, the "ship which was libeled, the owner, and the stevedore are one and the same entity" so that the stevedore-employer's immunity inures to the benefit of the ship. Bennett v. The Mormacteal, D.C. E.D.N.Y., 160 F.Supp. 840, 842, affirmed on opinion below, 2 Cir., 254 F.2d 138, certiorari denied 358 U.S. 817, 79 S.Ct. 26, 3 L.Ed.2d 59. Since a demisee is held to be owner of the ship pro hac vice, it is argued that where there is a demise the ship which is libeled, the demisee and the stevedore have such identity that the employer's immunity should inure to the benefit of the ship.

This seems to me a merely verbal argument. The demisee is owner pro hac vice but only pro hac vice. The shipowner is always there in the background. If the longshoreman is given a lien on the ship for damage caused by its unseaworthiness, even though that unseaworthiness arises after the demise, that lien will burden the interest of the owner as well as the interest of the demisee. There is no complete identity between the ship and the employer as in the case where the employer is the shipowner. This argument for depriving the longshoreman of his maritime lien falls where his lien would attach to the interest of someone other than his employer.

Another argument for depriving the longshoreman of his lien on the ship is based on the proposition that there can be no maritime lien without a liability in personam for which it is security. In Grillea v. United States, 2 Cir., 232 F.2d 919, at page 924, Circuit Judge Learned Hand expressed doubt as to the soundness of this proposition but found it unnecessary to pass upon its soundness, since the Court held that there was in that case liability in personam for which the longshoreman's lien was made security in that there was a contract by the demisee to indemnify the owner against the lien. The present case is indistin-

**170**

guishable. The charter contains a similar contract of indemnity by the demisee.

 Such a contract of indemnity is enforcible against the stevedore despite the fact that the result of its enforcement is indirect payment by the stevedore of the full damages suffered by a longshoreman employee in the face of the provision in the Longshoremen's and Harbor Workers' Compensation Act that the longshoreman's rights against the stevedore thereunder are exclusive. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133. As was said by Judge Clary in Reed v. The Yaka, 183 F.Supp. 69, 75, supra, when the stevedore's liability is traceable to a contract of indemnity with the real owner, the stevedore of course cannot set up the limitation in the Compensation Act as a defense. The argument that there is here no liability in personam to support liability of the ship in rem is thus without substance.

Not only is the opinion in the Grillea case directly in point on the question of liability in personam to support liability in rem but the case itself is directly in point on its facts with respect to the argument that the demisee's ownership pro hac vice put him in the position of a shipowner and thus deprived the longshoreman of his right to a maritime lien against the ship. In the Grillea case the ship was demised to the Moore-McCormack Lines, Inc. which was the employer of the injured longshoreman. The point that Moore-McCormack was owner pro hac vice was not discussed in the opinion, however, although it was noted, p. 924, that it was liable under the Longshoremen's and Harbor Workers' Compensation Act.

Since I conclude that a longshoreman injured because of the unseaworthiness of a ship demised to his employer does not lose his right to a lien thereon even if the unseaworthiness did not arise until after the demise, the exception to the libel in rem is overruled.

 Respondent United Fruit Company moves also to dismiss a claim made against it in personam. The motion is granted since its only liability to libelant is under the Longshoremen's and Harbor Workers' Compensation Act.

So ordered.