Jose GARCIA, Libelant,

v.

THE Steamship BEAUREGARD, Respondent.

No. 848-60.

United States District Court
D. New Jersey.

April 27, 1961.

Brause & Callaghan, Newark, N. J., and Joseph Dean Edwards, New York City, for libelant; William D. Hand, New York City, of counsel.

Mead, Gleeson, Hansen & Pantages, Newark, N. J., Kirlin, Campbell & Keating, New York City, Joseph M. Cunningham, New York City, of counsel, for claimants.

HARTSHORNE, District Judge.

Libelant, Garcia, brought an action in rem against the S.S. Beauregard for injuries, received on December 23, 1959 while aboard the ship, due to its alleged unseaworthy condition. Beauregard, Inc., thereupon claimed ownership of the vessel, posted a bond and a stipulation of value, and the ship was released to Beauregard, Inc., by the marshal. Beauregard, Inc., now moves to withdraw its claim of ownership and to substitute in lieu thereof the claim of Pan Atlantic Steamship Corporation, the demise charterer of the vessel from March, 1959 to March, 1969.

Pan Atlantic is also the employer of Garcia. Thus, if the substitution were permitted, Pan Atlantic would undoubtedly raise the defense that Garcia's exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905. However, the issue before the Court is narrower. Specifically, the issue here is whether the demise charterer, which has complete control and custody of the ship and is therefore considered an owner pro hac vice, has the right at this late stage in the proceedings to substitute itself as claimant rather than the real owner. Libelant objects on the ground that the true owner, having made its appearance and filed the necessary security,

received possession of the ship and is bound by its acts.

■■ There is authority for bringing an in rem action against the ship for alleged unseaworthiness. See Crumady v. The Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413, and Grillea v. United States, 2 Cir., 1956, 232 F.2d 919. Furthermore, in The Two Marys, D.C.S.D.N.Y.1882, 12 F. 152, a lienor who came in originally as claimant and took possession of the ship was held to that election to protect the libelant's security. While the facts in *The Two Marys* differed, the same principle can be applied in the instant case. Beauregard, Inc., at the inception of the action, elected to come in and claim the ship as the owner and posted a bond. Libelant is entitled not to have such security impaired and he is further entitled to have Beauregard, Inc., remain in the action by virtue of its earlier election. In Reed v. Yaka, D.C.E.D.Pa.1960, 183 F.Supp. 69, Judge Clary kept the real owner in the action after it had appeared as claimant and indicated that such owner was the proper claimant. On the question of the Longshoremen's and Harbor Workers' Compensation Act, Judge Clary indicated that the liability of the ship, and therefore the owner by virtue of its appearance, was separate and distinct from whatever compensation was due the libelant from his employer, who happened to be the charterer. The fact that the charterer would have to indemnify the owner by virtue of a clause in their contract would not serve as a bar under the statute, since the liability arose through the contractual arrangement made between the owner and the charterer and not by reason of a direct liability to the libelant. See also *Grillea*, supra, and Leotta v. The S.S. *Esparta*, D.C.S.D. N.Y.1960, 188 F.Supp. 168. This Court is not presently confronted with that issue. All that this Court now holds is that Beauregard, Inc., having claimed the ship and posted security, must remain in the action.

In Vitozi v. Balboa Shipping Company, 1 Cir., 1947, 163 F.2d 286 and Randolph v. Waterman S. S. Corp., D.C.E.D. Pa.1958, 166 F.Supp. 732, the actions were in personam maritime negligence suits and therefore are distinguishable from the instant case. *Vitozi* indicated that the demise charterer, being in control of the ship, was the proper party to sue in personam. However that may be, this action is in rem against the ship, and Beauregard, Inc.'s appearance is by virtue of its having laid claim to that ship.

Of course, since Pan Atlantic, by the charter party, obtained full custody and control of the vessel during the period here involved, it might very well have originally claimed the vessel and posted its bond. But it stood by and permitted the situation to be matured otherwise. It cannot now reverse its position and thereby deprive libelant of the right to proceed with his cause of action for which security has been posted. Pan Atlantic may, of course, have its rights adjudicated by coming in as an intervenor so that its obligations under the charter party to indemnify the owner, Beauregard, Inc., may be determined. In *The Two Marys*, supra, the Court had this to say on the right of the libelant not to have its bonded security impaired:

> "Whether she [the vessel] is still in existence or not does not appear, and the libelant's remedy upon the bond given by Hawkins cannot be suffered to be impaired." 12 F. at page 154 [Brackets this Court's.]

Similarly, libelant here should be protected and Beauregard, Inc.'s election to come in and claim as owner and post a bond must stand.

The motion will be denied, and an order may be entered accordingly.