## UNITED STATES v. QUIGLEY et al.

(District Court, D. Massachusetts. November 23, 1925.)

No. 6400.

Conspiracy ⊙⟹28—Conspiracy to commit several offenses against United States is "offense" within penal statute.

Conspiracy to commit several offenses against United States constitutes conspiracy to commit an "offense," within Penal Code, § 37 (Comp. St. § 10201).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Offense.]

Criminal proceeding by the United States against Lawrence Quigley and others. On defendants' motion to dismiss indictment. Motion denied.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass.

Samuel Markell, John P. Feeney, and Jos. V. Carroll, all of Boston, Mass., for defendants.

MORTON, District Judge. The questions raised by this motion to dismiss turn upon the correct interpretation of the word "offense" in section 37 of the Penal Code (Comp. St. § 10201). That section makes it a crime to conspire to commit "any offense against the United States." The present indictment charges the defendants with engaging in a conspiracy to commit several such offenses. The contention of the defendants is that section 37 is restricted to conspiracies to commit only a single offense, and does not include conspiracies to commit a plurality of them. The question is one, not of pleading, but of substantive law, involving the correct interpretation of the section in question.

The gist of the crime is the conspiracy. It must be accurately described in the indictment; it would not do to charge a conspiracy known to have included the commission of several crimes as a conspiracy to commit one of them. The argument for the defendants is that a conspiracy charge is notoriously difficult to meet, because of the breadth and vagueness with which it can be made; that section 37, even if restricted as they contend, is open to grave abuses, which have been the subject of judicial comment, and were recently referred to by the Judicial Conference; that if the section be broadened, so as to permit charges of conspiracy of unrestricted breadth, the possibility of abuse will be much greater; and that therefore the section ought to be restricted to a literal construction.

The argument, while ingenious, is hardly persuasive. A conspiracy including several crimes is certainly a conspiracy to commit an offense. If Congress had intended to restrict the use of such indictments, it would naturally have said so. As I interpret the statute, it covers conspiracies to commit offenses against the United States, whether a single crime or a plurality of crimes are included. The authorities support this view. The strongest of them, aside from the dictum in Frohwerk v. U. S., 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561, is John Gund Brewing Co. v. U. S., 204 F. 17, 122 C. C. A. 331; Id., 206 F. 386, 124 C. C. A. 268, in which the Court of Appeals for the Eighth Circuit, having first determined this question in accordance with the defendant's contention, later withdrew its decision and decided the other way. There are similar decisions in other circuits. Waldeck v. U. S., 2 F.(2d) 243 (C. C. A. 7th); Norton v. U. S., 295 F. 136, 137 (C. C. A. 5th); Bailey v. U. S., 5 F.(2d) 437 (C. C. A. 5th).

Motion denied.

## THE ELLA.

(District Court, S. D. Florida. November 21, 1925.)

No. 1817.

Internal revenue ⊙⟹46—Cargo of liquor on which tax had not been paid held to warrant forfeiture.

Proof that motorboat, when seized, had quantity of foreign liquor aboard on which no tax had been paid as required by statute, held to warrant forfeiture under Rev. St. § 3450,[1] even though claimant had sustained his allegation that boat was tied up to dock other than the one in which she lay when seized, and that he had given no one authority to use such boat.

Forfeiture Libel. Proceeding by the United States against the motorboat Ella, V–1646. Decree of forfeiture.

Francis L. Poor and R. A. Hubler, Asst. U. S. Attys., both of Jacksonville, Fla.

Bart A. Riley, of Miami, Fla., for respondent.

CALL, District Judge. The libel in this case is brought for forfeiture of the boat under section 3450 of the Revised Statutes (Comp. St. § 6352). The claimant answered the libel, setting up the fact that the boat was tied up to a dock other than the one at which she lay when she was seized, and that he had given no one authority to use

[1] Comp. St. § 6352.

the boat in any manner. The proofs establish that the boat, when seized, had a quantity of foreign liquor aboard on which no tax had been paid, as required by the statutes. This is sufficient to sustain the charge that the boat was being used to defraud the revenue, and as such was forfeited under the terms of section 3450 of the Revised Statutes, and even though the claimant had sustained his answer by proofs (which he did not), it would not have availed as a defense to this action.

A decree forfeiting the vessel will be entered.

---

**GUIMOND v. HOWES, District Director of Immigration (two cases).**

(District Court, D. Maine, S. D. December 30, 1925.)

Nos. 16, 17.

1. Aliens ⬤⟳54—Period of limitation within which alien may be deported runs from time of re-entry after temporary absence.

Under provisions of Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), where alien has remained in country after first entry for greater period than that within which he is subject to deportation, and then makes a temporary visit abroad, the period of limitation for deportation runs from time of re-entry.

2. Aliens ⬤⟳54—Evidence held to show aliens to be likely to become public charge, therefore subject to deportation.

Evidence *held* to show that aliens were likely to become public charges, and therefore subject to deportation under Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b).

3. Aliens ⬤⟳53—Declaration of intention to become citizen does not affect power of Congress to deport aliens.

That alien has declared intention to become a citizen does not affect power of Congress to order deportation.

4. Aliens ⬤⟳53—One having United States domicile for seven years prior to temporary absence deportable, where no application made to Secretary of Labor.

Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), providing that aliens returning after temporary absence to unrelinquished United States domicile of seven consecutive years may be admitted in discretion of Secretary of Labor, does not prevent deportation, where no application was made to Secretary on return from temporary absence.

5. Aliens ⬤⟳53—Aliens not immigrant aliens subject to deportation.

Deportation provisions of Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), apply to all "aliens," and not merely to "immigrant aliens," as did former laws.

Habeas Corpus. Applications by Fred Guimond and by Florida Guimond against Samuel H. Howes, District Director of Immigration, for writs to secure release from custody. Writs dismissed and petitioners remanded to custody and control of respondent.

George A. Hutchins, of Rumford, Me., for petitioners.

Frederick R. Dyer, Dist. Atty., and William B. Nulty, Asst. Dist. Atty., both of Portland, Me., for respondent.

HALE, District Judge. The petitions for habeas corpus allege that, by a decree of the Department of Labor, the petitioners have been ordered to be deported from the United States to Canada. The Department of Labor claims that the evidence in the hearing held before Carr G. Horne, Immigrant Inspector, at Rumford, Me., discloses the petitioners to have entered the United States unlawfully and without inspection, and that each is likely to become a public charge; that the petitioners are at Rumford, Me., under the restraint of Samuel H. Howes, district director of immigration at the port of Portland, by virtue of an order of the Department of Labor requiring the said Howes to deport the petitioners; that the petitioners gained a lawful entrance into the United States from Canada; that there is no evidence that they will ever become a public charge; and that the order of deportation is null and void, because it violates the provisions of treaties heretofore made between the United States of America and Canada.

In each of the above cases writ of habeas corpus issued, dated November 17, 1925; the return upon said writ was made by District Director Howes on December 8, 1925. The return shows that the petitioners were arrested by Samuel H. Howes, district director of immigration, on a warrant of arrest, and that on September 29, 1925, warrant for the deportation of the petitioners was issued by the Second Assistant Secretary of Labor of the United States, for violation of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.); that the said aliens entered without inspection, and that they were persons likely to become public charges at the time of their entry. The petitioners are duly held in custody and brought before the