(130 So. 335)

### GREAT AMERICAN INS. CO. v. DOVER et al.

6 Div. 487.

Supreme Court of Alabama.

Oct. 16, 1930.

J. T. Johnson, of Oneonta, for appellees.

Coleman, Coleman, Spain & Stewart, of Birmingham, and Nash & Fendley, of Oneonta, for appellant.

**BROWN, J.**

On a former appea' the judgment was reversed for error in overruling the defendant's demurrers to the plaintiffs' replication to plea 6, alleging a breach of warranty embodied in the policy that the dwelling house "did not contain a brick on edge flue," in that "at the time of the issuance of said policy and for a long period during the term of the policy said frame building * * * did contain a brick on edge flue," which fact increased the risk of loss. Great American Insurance Co. v. Perry Dover et al., 219 Ala. 530, 122 So. 658.

Another defense asserted by defendant's plea 2 on both trials was that the property was willfully burned by Perry Dover, one of the plaintiffs, with intent to defraud the defendant, and the questions now presented are pertinent to that issue.

The evidence on this issue was in sharp conflict, presenting a question for jury decision.

The subject-matter of the insurance was the one-story, shingled roof dwelling, smokehouse, and barn on a farm known as "the Fricks property," purchased by the plaintiffs in the spring of 1925, which were insured by the policy in suit, issued on November 4, 1925, for one year, against loss by fire. E. L. Dover, one of the plaintiffs, while

under cross-examination, testified: "We bought that place from Frick's estate. There was some thirty odd acres (39 acres as other evidence shows) of the land. I guess it was worth about $50.00 per acre. We paid $2,-000.00 for the whole thing. We gave a mortgage on it." He was thereupon asked: "How much was due on that mortgage at the time of the fire?" The plaintiff objected to this question and the court sustained the objection.

To quote from Cooley's Briefs (2d Ed.) p. 5007, "On the issue of incendiarism, involving as it does moral turpitude and criminal intent, every circumstance tending to prove the guilt of the party charged is admissible in evidence," and the amount of the incumbrance on the insured property, as well as the fact of such incumbrance, was relevant and material to the question of motive to destroy the property as a means of acquiring the insurance to meet the incumbrance. It was also relevant as going to show the pecuniary interest of the plaintiff in the insured property. Aachen & Munich Fire Ins. Co. v. Arabian Toilet Goods Co., 10 Ala. App. 401, 64 So. 635; Philadelphia Underwriters Agency of Fire Ass'n of Philadelphia v. Brown (Tex. Civ. App.) 151 S. W. 899, 902; Joy v. Liverpool, L. & G. Ins. Co., 32 Tex. Civ. App. 433, 74 S. W. 822, 826; Connecticut Fire Ins. Co. v. Manning, 160 F. 382, 385, 15 Ann. Cas. 338.

Nor was this error cured by the testimony of Perry Dover, testifying in rebuttal, in response to cross-examination: "I don't remember how long it was after the insurance before the property burned. If I remember correctly the mortgage on this Frick property was due on the first of November, and the fire occurred on September 18th." There is nothing in the statement to show the amount of the mortgage debt.

The fact that the plaintiff Perry Dover had a barn insured on a previous occasion and it burned a few days thereafter was not admissible, in the absence of evidence tending to show that such previous burning was fraudulent. The rule is that evidence of other fraudulent transactions by the same party and substantially of the same character, contemporaneous in point of time, or nearly so, is admissible to show fraud in respect to a matter wholly distinct from the previous transaction. Nelms et al. v. Steiner Bros., 113 Ala. 575, 22 So. 435. Brown v. State, 15 Ala. App. 180, 72 So. 757. But mere rumor that such burning was of incendiary origin is not sufficient. The plaintiffs' objection to the question put to the witness Glasscock, made the basis of the second assignment of error, was properly sustained.

The principle asserted in charges 8 and 14, refused to the defendant, in so far as applicable to the case, was given to the jury in the oral charge of the court, and in the special charges given at defendant's instance.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.