ONE 1941 FORD ½ TON PICKUP AUTO-MOBILE TRUCK, MOTOR NO. 18—6725628 v. UNITED STATES.

No. 9652.

Circuit Court of Appeals, Sixth Circuit.

Jan. 31, 1944.

Clint W. Hager and J. F. Kemp, both of Atlanta, Ga., and W. A. McClure, of Chattanooga, Tenn., for appellant.

J. B. Frazier, Jr., and O. T. Ault, both of Chattanooga, Tenn., for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

On the night of July 21-22, 1942, agents of the Alcohol Tax Unit, while watching a house on Wildwood Road in Bradley County, Tennessee, saw a 1941 Model Ford Truck drive up and upon searching it found therein five gallons of untaxed liquor; whereupon they seized the truck.

A libel was filed against the truck under the provisions of Sec. 3450 R.S., as amended, Sec. 3321, 26 U.S.C.A. Int.Rev.Code.[1]

---

[1] Portions of clauses (1) and (3) of Sub-sec. (b) are pertinent:

"(b) Forfeiture. (1) Goods. When-ever any goods or commodities for or in respect whereof any tax is or shall be imposed, * * * are removed, or

Harold Hefner, who claimed to be the owner, resisted the forfeiture and alleged that it had been stolen from him and that at the time the liquor was found therein it was in the hands of thieves. He further alleged in a "Motion to Restore Property Illegally Seized" that at the time of the discovery of the liquor the officers were upon private property, acting without a search warrant and without probable cause. There was a further contention that there was no proof of an intention to defraud the Government.

The court ordered the truck forfeited and disallowed Hefner's petition for remission or mitigation of the forfeiture.

The questions raised here are, (1) whether there was probable cause to search the truck; (2) whether there was sufficient proof of an intent to defraud the Government; (3) whether there was sufficient proof of the theft of the truck; and (4) whether the court drew undue inferences against the claimant for his failure to testify.

R. T. Kitts, an Investigator of the Alcohol Tax Unit, testified that two or three days before the truck was seized, he received information that a 1941 Model Truck was transporting liquor from Carticay, Georgia, making one load a week. On the night in question, he and Frank L. Rennick, also of the Alcohol Tax Unit, were driven to the Millsaps place on Wildwood Road in Bradley County, Tennessee, about two miles south of Cleveland, by R. L. Johnson, also of the Tax Unit, and they arranged to be picked up by him about one o'clock in the morning. The place had been used as a station by Dee Gibson, twice previously convicted of handling untaxed liquor. Watching from near the Millsaps barn, the agents saw a Chevrolet car drive in about 10:30 and park behind the Millsaps house about one hundred and fifty yards from the highway. Two men got out and left and at midnight Robert Millsaps came up in a car. At about 1:10 A.M. the truck came along the highway, switched off its lights at the entrance to the Millsaps driveway and drove in. Kitts was alone at the time. He testified that three men, one of whom was Dee Gibson, got out of the truck. At about that time Johnson drove up to the entrance and frightened the men away.

Kitts and Rennick then went to where the vehicles were parked, and not only smelled whiskey, but found some in one gallon cans on the ground and one hundred and twenty-one gallons in the Chevrolet car. They also found five gallons of whiskey in the truck in metal cans without stamps to indicate the payment of the revenue. They seized both cars. The night was bright moonlight, the Millsaps driveway was unfenced and the gate of the highway was open. There was a hedge and fence near the Millsaps residence but neither car went inside this fence.

Claimant's wife testified that they lived in Carticay, Ga., that her husband had a one-half ton Pick-up Truck; that on July 1, 1942, she drove the truck to her mother's and returned about dark and parked the car with the keys in it beside the barn, across the road from the house, the customary parking place, and about fifty paces from the house; that her husband retired about 8 o'clock, that they slept together, that he was not away from the house during the night; that about daylight he went outside and when he returned asked her where the truck was parked; that she told him and went out and looked and the truck was gone. She fixed the date as July 22nd by the fact that that same day they got their gasoline rationing coupons. She further testified that her husband went before breakfast to a neighbor's, Cula Suthern, and got him to take him to Ellijay. She identified a registration certificate for the truck and testified that she often left the keys in the truck.

Suthern testified that Hefner came to his home a little after daylight on July 22nd and asked to be taken to the Sheriff's office at Ellijay.

Sheriff Rackley testified that in July, 1942, Hefner came to the jail where he lived and reported that his pick-up truck had been stolen and that he and Hefner made search but never found it. He further testified that the distance from Ellijay, Ga., to Cleveland, Tenn., was from eighty to one hundred miles.

Hefner was in the courtroom during the

are deposited or concealed in any place, with intent to defraud the United States of such tax * * * all such goods and commodities * * * shall be forfeited.
* * *

"(3) Conveyances. Every * * * cart, carriage, or other conveyance whatsoever * * * used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

hearing but did not testify and the court observed that if he did not there was a presumption against him.

Upon these facts we conclude that the agents had probable cause to believe that the truck contained contraband whiskey and that it was not unreasonable to search it without a warrant. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Scher v. United States, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151.

There is no merit in the contention that the proof of an intention to defraud the Government was insufficient. In a discussion of Sec. 3450, the Supreme Court said: "If the intent to defraud the United States of the tax is established by any competent evidence, the use of the vehicle for the purpose of concealment satisfies the requirement of sec. 3450 [26 U.S.C.A. Int.Rev.Code, § 3321] * * *." United States v. One Ford Coupe, 272 U.S. 321, 330, 47 S.Ct. 154, 157, 71 L.Ed. 279, 47 A.L.R. 1025. In General Motors Acceptance Corp. v. United States, 8 Cir., 32 F.2d 121, it was said in a similar case, that intent may be inferred as a matter of circumstantial evidence from the facts.

The facts and circumstances surrounding the search and seizure of the truck all point to an intent to defraud the United States. The furtive character of the rendezvous, the fact that the men sought safety in flight, and the quantity of whiskey found leave no doubt of the intent to defraud.

Although claimant's motion to restore the truck to him was not expressly based upon the statute for "Remission or mitigation of forfeitures under liquor laws," 49 Stat. 878, Sec. 646 of 18 U.S.C.A., the court seems to have so treated it. Pertinent provisions of this statute are[2]—

In the situation confronting the court, it had exclusive jurisdiction under the statute to remit or mitigate the penalty; but it was not authorized to grant relief to the claimant until he had complied with the statute. Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388, 390. Claimant was not entitled to remission until he had proved at least two things, "(1) that he has an interest in such vehicle * * *, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States * * * relating to liquor * * *."

We need not consider whether claimant established the first requirement. Presumably it was met by the introduction by his wife of the registration certificate for the truck. But claimant's difficulty is that he wholly failed to prove the second requirement, to wit, that he had no knowledge or reason to believe that the truck was being used in violation of the laws of the United States. This pertinent and controlling evidence was within the knowledge of the claimant and he declined to testify. In Kirby v. Tallmadge, 160 U.S. 379, 16 S.Ct. 349, 351, 40 L.Ed. 463, the court approved the following quotation from Starkie on Evidence, Vol. I, page 54, to wit: "The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute, which is within his power, and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice."

See also Pacific Coast S. S. Co. v. Bancroft-Whitney Co., 9 Cir., 94 F. 180, 198. The claimant's "hue and cry" that his truck had disappeared does not satisfy the positive requirements of the statute.

Affirmed.

---

[2] "Sec. 646. Remission or mitigation of forfeitures under liquor laws * * * (a) Jurisdiction of court.

"Whenever, in any proceeding in court for the forfeiture, under the internal-revenue laws, of any vehicle * * * seized for a violation of the internal-revenue laws relating to liquors, such forfeiture is decreed, the court shall have exclusive jurisdiction to remit or mitigate the forfeiture.

"Conditions precedent to remission or mitigation. (b) In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle * * * as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in violation of laws of the United States * * * relating to liquor * * *."