**UNITED STATES v. ONE 1937 MODEL FORD COACH, MOTOR NO. 3972861.**

Civ. 484.

District Court, W. D. South Carolina.

Dec. 15, 1944.

Oscar H. Doyle, U. S. Atty., of Greenville, S. C., for the United States.

Wilson & Wilson, of Rock Hill, S.C., for claimant Robert Burette Morris.

978

WYCHE, District Judge.

This is a proceeding under 26 U.S.C.A. Int.Rev.Code, 3321, R.S. § 3450, to forfeit an automobile owned by one Robert Burette Morris on the ground that it was being used with intent to defraud the United States of the tax on distilled spirits found therein by depositing and concealing the liquor.

The facts are as follows: On June 3, 1944, just before night, in consequence of certain information, policemen of the City of Rock Hill, South Carolina, were looking for this automobile and its owner. The officers were driving a car belonging to the City, and as they passed Lancaster Avenue they saw Robert Burette Morris driving his car and in the seat with him another man, later found to be Randolph Frisbee. When Morris saw the officers he drove away at a rapid rate on the road toward McConnellsville and the officers gave chase. A few miles out of Rock Hill, Frisbee held up in full view of the officers a one-half gallon fruit jar which he, at Morris' direction, threw upon the pavement of the road, causing it to break. The liquid in the jar made such a splash when it broke that a quantity of it was thrown back onto the windshield of the police car, from which emanated the unmistakable odor of white corn liquor. After proceeding further along the road Morris stopped his car and both he and Frisbee were arrested. Officers then came back to the place where the jar was broken on the pavement, and examined the broken pieces of glass, and the fluid which was on the pavement, and in and on the broken pieces of glass, and found that the jar contained "white corn whiskey," and there were no revenue stamps on the container. Frisbee gave a statement to the officers in which he stated that the owner of the automobile left him in the car and went somewhere and returned with the fruit jar, and that he did not know what was in it. Both Morris and Frisbee admitted a prior conviction for removing and concealing non-taxpaid liquors. The distilled spirits deposited and concealed in the said automobile were subject to a basic production tax. It was admitted that no tax had been paid thereon. The seizure of the automobile was adopted by officers of the Alcohol Tax Unit, of the Treasury Department of the United States.

The pertinent parts of Section 3321, Title 26 U.S.C.A. Int.Rev.Code, read as follows: "Removal or concealment with intent to defraud the revenue. (a) Penalty. Every person who removes, *deposits, or conceals,* or is concerned in removing, depositing, or concealing any goods or commodities for or in respect whereof any tax is or shall be imposed, with intent to defraud the United States of such tax or any part thereof, shall be liable to a fine [etc.] (b) Forfeiture. (1) Goods. Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, *or are deposited or concealed in any place,* with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited. (2) Packages. In every such case all the casks, vessels, cases, or other packages whatsoever, containing, or which shall have contained, such goods or commodities, respectively, shall be forfeited. (3) Conveyances. Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal *or for the deposit or concealment* thereof, respectively, shall be forfeited." (Emphasis added)

In the case of United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025, proceedings to forfeit an automobile under this section were brought. Motion to quash the libel was granted. The Circuit Court affirmed (United States v. Garth Motor Co., 5 Cir., 4 F.2d 528), but the Supreme Court reversed the judgment. Questions not now before me were decided in that case, but the decision is authority for the following conclusions: (1) Where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized; (2) liquor is subject to the basic production tax, although it may be illicitly made; (3) the vehicle may be forfeited although no person is convicted of the offense involved or is even prosecuted; (4) it is not essential that the offender must have been either the manufacturer or importer of the liquor, or a person directly associated with such manufacturer or importer; (5) nor does the language

of the section or its history indicate that Congress intended to limit the proceedings under it to cases where the vehicle was used for deposit or concealment as part of the illegal act of removal or to make it applicable only where the article concealed had been unlawfully removed from the place where the tax should have been paid; (6) if the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirements of the section, even if it appears that the offender obtained it not from a distillery, bonded warehouse or importer, but from a stranger; (7) knowledge that liquor was illicitly distilled may tend to prove knowledge that it was tax-unpaid. Removal or concealment of liquor with such knowledge may tend to prove an intention to deprive the United States of the tax due thereon.

In the case of Commercial Credit Corporation v. United States, 2 Cir., 18 F.2d 927, 929, the court held that the forfeiture in that case should have been under the forfeiture provisions of the Prohibition Act and not under Section 3450, R.S., but said: "Concealment and removal of the tax-unpaid goods by illegal transportation in the automobile were presumptive evidence of an intent to defraud the United States of the tax thereon, despite the statements of the persons in charge of the vehicle that they were ignorant of the law imposing such tax. The fact that their primary interest may have been to violate the prohibition law need not prevent the court from inferring an intent also to evade the tax law, as such evasion would necessarily result from their concealment and removal of the alcohol. United States v. One Cadillac Automobile, etc., D.C., 292 F. 773; United States v. One White One-Ton Truck, D.C., 4 F.2d 413; The Ella, D.C., 9 F.2d 411. The decree must be sustained, therefore, unless the agreed facts render section 3450 inapplicable. Indeed, the correctness of the decree, if this section be applicable, was not disputed."

█ In the case of United States v. One Packard Roadster Automobile, D.C., 29 F. 2d 424, it was held that possession in auto-

mobiles of liquors without stamps, and on which no tax had been paid, is sufficient to show intent to defraud. The Circuit Court of Appeals of the Eighth Circuit concluded in the case of General Motors Acceptance Corporation v. United States, 32 F.2d 121, at page 123, that: "The intent necessary in the case then may be inferred as a matter of circumstantial evidence, from the facts: (a) That Wagon and Withrow possessed this whisky and were concealing it; (b) that they so possessed and concealed it in so-called 'bone-dry' territory; (c) that it was illicit liquor, the containers of which bore no indicia of having paid a tax; (d) that the liquor was subject by law to a basic production tax; and (e) it may be presumed from the fact that the liquor was illicit, that the possessors thereof had knowledge that it was tax-unpaid." The court decided in One 1941 Ford ½ Ton Pickup Automobile Truck, etc., v. United States, 6 Cir., 140 F.2d 255, that the "furtive character" of the transaction was a fact to consider. In Martin v. United States, 10 Cir., 99 F.2d 236, the court said that evidence indicating defendant poured out whiskey from a keg at the time of the search, together with his admissions that he had been convicted of violation of the liquor laws, authorized a conviction of removing and concealing non-taxpaid spirits with intent to defraud. Forfeiture was not a question in this case, but evidence sufficient for the conviction would of course be sufficient for the forfeiture. In United States v. C. I. T. Corporation, 3 Cir., 31 F. 2d 680, the court sustained a forfeiture on evidence that a truck with a load of non-taxpaid beer had been abandoned by the driver after an attempt to escape the officers and intent to defraud was inferred from these facts.

█ It is common knowledge that fruit jars are generally used as containers for un-taxpaid white corn liquor, and the evidence in the case sustains the conclusion that the liquid in the fruit jar was white corn liquor, un-taxpaid, that the owner of the automobile knew it was un-taxpaid, that he was concealing such un-taxpaid liquor, and that he intended to defraud the United States of the tax thereon, and a forfeiture should therefore be decreed.