UNITED STATES v. ONE 1942 PLYMOUTH
SEDAN AUTOMOBILE, MOTOR NO.
P14–24196.
Civ. A. No. 1276.

United States District Court
E. D. Tennessee, N. D.
April 11, 1950.

Otto T. Ault, U. S. Atty., Chattanooga, Tenn., Ferdinand Powell, Jr., Asst. U. S. Atty., Knoxville, Tenn., for libelant.

Hobart F. Atkins, Knoxville, Tenn., for intervenor.

ROBERT L. TAYLOR, District Judge.

Libel of information has been filed against the named automobile and forfeiture prayed as provided in Title 26 U.S. C.A. § 3321, because of the alleged use of the vehicle in the illegal removal, deposit, and concealment of tax-unpaid whiskey, the users being Pleas Henderson, the driver, and one other man, who escaped unidentified, the claimants here being the title holder Mattie Lou Culpepper, and the said Pleas Henderson who was given permission at the hearing of this cause to join as intervenor.

Libelant has moved to dismiss the intervening petition of Pleas Henderson because untimely, lacking in a claim of interest in the automobile, and unaccompanied by bond. This motion should be granted, for the second reason assigned. Pleas Henderson claims neither a lien on nor a proprietary interest in the seized automobile but on the contrary refers to Mattie Lou Culpepper as "its rightful owner" and does not purport to represent her as agent, guardian, trustee, attorney, or in any other confidential or fiduciary capacity. The claim of an intervenor must be based upon an asserted interest in the *res*. The Lottawanna, 20 Wall. 201, 87 U.S. 201, 22 L.Ed. 259; The Cartona, 2 Cir., 297 F. 827; United States v. One Ford V-8, etc., D.C., 23 F.Supp. 608.

This proceeding grew out of a seizure of the automobile by two police officers of the City of Knoxville, Tennessee, about midnight of July 14, 1949, in the vicinity of a cemetery. While cruising in a police car, the two officers saw the automobile at a curb ahead with its lights on. It drew away from the curb, moved ahead for a few blocks and stopped when the officers turned a spotlight on it. As it stopped a man carrying a sack jumped out and fled, pursued by one of the officers. In his flight, the unidentified man dropped the sack. This was brought back by the pursuing officer and found to contain four half-gallon jars of tax-unpaid whiskey and two broken jars. The officer who had remained with Pleas Henderson searched the latter's car, but found no contraband. The automobile, which had been driven by Pleas Henderson on this occasion, was seized by the city police and the seizure was adopted a few hours thereafter by federal agents of the Alcohol Tax Unit. The police officers had no arrest warrant and no search warrant.

It is urged in opposition to forfeiture that the United States cannot operate through city police officers, also that the search and seizure of the automobile, being made without benefit of a search warrant, were "in violation of the defendant's rights" under the state and federal constitutions.

■ The vehicle was, under the circumstances, a proper subject of seizure. Without deciding whether the city officers acted legally or illegally in searching and seizing the automobile, the Court holds that the United States can adopt the seizure and that the adoption here by federal officers was not burdened with any illegality. This view has had extensive acceptance in both theory and practice. Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520; Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159; Marron v. United States, 9 Cir., 8 F.2d 251; United States v. Brown, D.C., 8 F.2d 630.

Whether claimant's automobile is subject to forfeiture depends on whether the automobile was guilty of the violation charged. Pleas Henderson, driver of the automobile at the time of its alleged violation, was indicted and tried on the three counts of transporting, possessing, and concealing. The jury returned a general verdict of not guilty. One of the questions here is whether that acquittal is res judicata as to the charge against the automobile. Whether it is res judicata hinges on whether the facts of the case bring it within the rule of Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. The evidence is conclusive that the unidentified person in the automobile with Pleas Henderson had a sack containing jars of whiskey and that the automobile transported that whiskey. The verdict of not guilty as to Pleas Henderson can be reconciled with those facts only on a finding that Henderson was not conscious of what the sack contained, hence could not be found guilty of "intent to defraud the United States," or of any intent or knowledge respecting the presence of the whiskey.

■ In Coffey v. United States, supra, a former acquittal in a prosecution for violation of internal revenue laws was held to be res judicata as to certain seized property of the defendant. In that case, it is to be noted, a number of significant circumstances conjoined. (1) The criminal prosecution and the libel arose from the same transaction; (2) the parties were the same in both actions; and (3) the same facts were at issue in the one as in the other. Those circumstances do not conjoin here. Beyond Pleas Henderson was another actor, namely, the unidentified passenger. Both were in the same automobile, but the acts of one were not the acts of the other. In the criminal prosecution the parties were the United States and Pleas Henderson, while here they are the United States and the claimant, Mattie Lou Culpepper. In the libel action, the same facts are not at issue as in the criminal case. Innocence of Pleas Henderson does not establish the innocence of the unidentified person. Innocence of the automobile, accordingly, cannot be implicit in the verdict of the jury. Of the two persons present, the driver apparently was using the automobile with the owner's permission, while the unidentified passenger may or may not have been in the car with the owner's permission. The evidence in the criminal case is in evidence here by stipulation. By that evidence it is shown that the unidentified passenger was using the automobile for the transportation of contraband whiskey, and by that illegal use the guilt of the automobile was established. Although it is not conceivable that a vehicle, independently of some positive act of human agency, can commit a crime, nevertheless it is not necessary to convict or prosecute the person in order to establish the guilt of the vehicle. United States v. One Ford Coupe Automobile, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025; Midland Acceptance Corp. v. United States, 6 Cir., 47 F.2d 219.

■ This is not a case where an automobile has been stolen from the owner, or one in which it was being operated without the owner's knowledge or consent. Legal title is in the claimant, but she has no driver's license and does not know how to drive an automobile. Pleas Henderson

is the person who has habitually used it and driven it. The passenger whom Pleas Henderson did not know personally, but whose name he knew to be "Joe something," was riding in the car with Pleas Henderson's consent. Moreover, the claimant admitted to investigators of the Alcohol Tax Unit that she knew Pleas Henderson to be a "whiskey dealer" who had a retail whiskey stamp. In this situation the passenger was not a trespasser as to the claimant, and nothing in that respect appears to preclude application of the rule that the vehicle itself is the offender and that the owner's innocence, if such is the case, does not prevent a forfeiture. Goldsmith Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376.

 Under the statute, 26 U.S.C.A. § 3321, an intent to defraud is a condition precedent to forfeiture. The record contains no specific proof of such an intent. As the unidentified passenger escaped and Pleas Henderson was acquitted, the intent to defraud, if any, must appear from circumstances. As to this, the case of One 1941 Ford, etc., v. United States, 6 Cir., 140 F.2d 255, 257, seems especially pertinent. There the court, Hicks, Circuit Judge, said: "The facts and circumstances surrounding the search and seizure of the truck all point to an intent to defraud the United States. The furtive character of the rendezvous, the fact that the men sought safety in flight, and the quantity of whiskey found leave no doubt of the intent to defraud." 140 F.2d 257. A similar conclusion is appropriate here.

 While the intervening petition of Mattie Lou Culpepper does not formally seek a remission of forfeiture, it does ask "that the property herein described be returned" to her. Under 18 U.S.C.A. § 3617, formerly 18 U.S.C.A. § 646, the Court has jurisdiction to remit or mitigate the forfeiture, but it is not authorized to grant that relief to the claimant until she has complied with the remission statute. Universal Credit Co. v. United States, 6 Cir., 91 F.2d 388, 390. Section 3617 requires as conditions precedent to remission that the claimant prove certain things, and

"the court shall not allow the claim of any claimant for remission or mitigation unless and until" she has met the conditions precedent. The proof required is (1) that she has an interest in the automobile, as owner or otherwise, which she acquired in good faith, (2) that she had at no time any knowledge or reason to believe that the automobile was being or would be used in violation of laws of the State or of the United States relating to liquor, and (3) that where the user was a person with a record or reputation as a liquor law violator she made the prescribed inquiry and was informed that the user had no such record or reputation.

No affirmative proof was offered to show satisfaction of the conditions, except the proof of ownership. Proof of title in one person and habitual use in another, while not sufficient to show bad faith, does not point with particular emphasis to acquisition in good faith. A similar infirmity attaches to claimant's status respecting the second condition. She knew that Pleas Henderson was in the liquor business, that he had a retailer's stamp, and that he resided in a county where the retailing of liquor was and is illegal. She may not have known that Pleas Henderson had a record or reputation as a violator, but he did have such record and reputation. Testifying in his own behalf in the criminal prosecution, he admitted that in city and state courts he had been convicted of liquor law violations "a few times." Out of court, Mattie Lou Culpepper, the claimant, admitted that she had lived with Pleas Henderson for 24 years, an admission from which it may be inferred that she was not entirely ignorant of his illegal activities. Possibly she did not know that about midnight of July 14, 1949, Pleas Henderson would pick up a man named "Joe something" and a sack of fruit jars containing bootleg whiskey, but she could hardly have been without reason to believe that he would do something like that, not once, but many times, since she knew that he was in the liquor business and must have known of his nocturnal excursions.

 Out of court admissions of claimant were admitted in evidence over her ob-

888

jections. Exclusion of the admissions would do no more than leave the record depleted. It would not supply an affirmative case for remission. Remission of forfeiture is within the trial court's discretion, but that discretion exists only where the claimant has met the conditions precedent to the granting of remission. Where, as here, the statutory conditions have not been complied with, the granting of remission is prohibited. United States v. One 1937 La Salle, etc., 10 Cir., 116 F.2d 356; Universal Credit Co., v. United States, 4 Cir., 111 F.2d 764; United States v. National Discount Corporation, 7 Cir., 104 F.2d 611.

The intervening petition of Pleas Henderson will be dismissed and a forfeiture will be decreed. Let the necessary order be prepared.