### STAGNER v. UNITED STATES.

### No. 13724.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

Rehearing Denied Aug. 4, 1952.

D. R. Coley, Jr., Mobile, Ala., for appellant.

William H. Cowan, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging breach of the provisions of Sections 3116, and 3321 of the Internal Revenue Code, 26 U.S.C.A. §§ 3116, 3321, by its illegal use in the removal, deposit, and concealment of non taxpaid whiskey, the United States, by libel of information, sought forfeiture of a 1949 Model Ford Pick-up truck, which had been seized on that day.

The claim of the libel was that the truck had been illegally used by Grady F. Stagner and others in the removal, deposit, and concealment, with intent to defraud the Unit-

ed States of the tax due, of thirty-seven gallons of non taxpaid distilled spirits, and that by reason thereof the truck became forfeited to the United States.

Monition having issued thereon, Frank Stagner appearing as claimant and owner of the truck and admitting its seizure, denied that it was then being used in violation of the Internal Revenue laws of the United States, and particularly denied that it was used in the removal, deposit, and concealment of thirty-seven gallons of non taxpaid distilled spirits, as charged in the libel.

Further denying generally that the truck was subject to forfeiture, the claim and answer sought dismissal of the libel and release of the truck to him.

The issues tendered by libel and claim coming on to be heard, the United States undertook to prove by circumstantial evidence the charges of its libel, and, its evidence concluded, the claimant, without taking the stand, offered the testimony of one witness in rebuttal of some of the circumstances which had been testified to by one or more of the three witnesses offered by libellant.

The evidence all in, and both libellant and claimant having rested, the District Judge, on findings of fact[1] as to the circumstances testified to, concluded that a case for forfeiture had been made out, and gave judgment therefor.

Appealing from that judgment, claimant is here seeking its reversal. Stating:

"The real question raised by this appeal is whether the evidence was sufficient to support the Findings of Fact;

1. "As to said 1949 Model Ford Pick-Up Truck, Motor No. 97HT173600, the Court finds that on Nov. 4, 1950, investigators of the Alcohol Tax Unit, Internal Revenue Service of the United States, did legally seize said truck, in Mobile County, Alabama; that said truck at the time of the seizure was the property of the petitioner, Frank Stagner; that on the evening of Nov. 3, the above-mentioned 1947 Model Ford Coach Automobile was driven to Frank Stagner's store in Chunchula, Mobile County, Alabama, for the purpose of picking up so-called 'moon-shine' whiskey, on which the tax imposed under the Internal Revenue Laws of the United States had not been paid; that said Ford Coach Automobile was driven to Frank Stagner's store by Clarence Baxter and James R. LaFallotte; that Frank Stagner and James R. LaFallotte had a conversation, during which the said James R. LaFallotte paid Frank Stagner in excess of $60.00.

"At the same time or thereafter, a vehicle, identified by the investigator for the Alcohol Tax Unit as the Ford Pick-Up Truck in question, was driven up to and parked alongside the above-mentioned 1947 Model Ford Coach Automobile; that Frank Stagner and others were seen making frequent trips back and forth from said truck to said automobile; that shortly thereafter said Ford Coach Automobile, containing eighteen gallons of illegal whiskey, was driven away by James R. LaFallotte and Clarence Baxter.

"That a short distance north of Frank Stagner's store there was a piece of land under fence and posted against tres-.

passing by signs bearing Frank Stagner's name; that the entrance to said land was through a gate on which was tacked one of the 'no trespassing' signs, bearing Frank Stagner's name; that there was a partially worn vehicle trail leading into said property for some seven hundred yards inside said gate to a turn-around place in said trail; that leading from said turn-around place were partially worn foot-paths leading to two illegal whiskey stills. The investigator for the Alcohol Tax Unit placed the location of one of the stills inside the enclosure bearing the 'no trespassing' signs, and the other still outside the enclosure. The truck in question was equipped with tires which appeared to have the same tread as tire prints in said worn vehicle trail leading from the above-mentioned gate to the turn-around place in said trail.

"Testifying on behalf of the government with reference to said truck was the investigator for the Alcohol Tax Unit of the Internal Revenue Service and Clarence Baxter, who was the driver of said Ford Coach Automobile at the time it was seized containing the whiskey in question. After the government had rested its case, the attorney for Frank Stagner moved to strike the government's evidence, which motion was denied by the Court.

"Petitioner then introduced a deputy sheriff of Mobile County, who had assisted in said raid and who testified that both stills were located outside the enclosure above-mentioned. Claimant offered no further testimony, but rested his case."

whether the Findings·of Fact were sufficient to support the Conclusions of Law, and whether the evidence was sufficient to justify the order of condemnation entered in the cause by the Court as to the track in question."
appellant goes on to say:

"I shall not undertake to ask the Court to pass upon the weight ·of any evidence adduced on the trial, but shall undertake to show that there was no evidence from which the Trial Court could reasonably arrive at the conclusions drawn by him from the evidence adduced on the trial."

His position thus made clear, appellant, insisting that the findings and judgment are without support in the evidence, devotes his brief to setting out what he states to be all the significant evidence in the case and, as he claims, to combing it in vain for any fact or facet which lends support to them.

The United States, holding up its end by setting out, as ample to support the findings and judgment, the circumstances by the whole and in bits on which it relied, including the persistent and portentous silence of claimant, insists that, pieced together, the evidence as a whole presents a mosaic of truth which supports, indeed requires the findings and conclusion on which the judgment rests.

▮▮ We have carefully listened to the arguments and read the briefs of both parties, and, having in their light examined the findings of the judge and the conclusions he drew from them, we find ourselves in agreement with them. We do not at all disagree with claimant's contention that the evidence was entirely circumstantial and that the burden was on the United States to sustain the charges of its libel to the satisfaction of the court. This does not mean, however, that the proof must convince, as would be required in a criminal case. It particularly does not mean that the claimant can, without taking the stand, expect not to have taken as evidence against him the fact that, in a position as he was to furnish full information about the use of the car on the

critical night, he stood mute, withholding the information he, and perhaps he alone, could furnish.

▮ The law is otherwise settled.[2] This is not to say that his silence could supply a complete failure of proof. It is to say, though, that with the proof as it was, having at the least a strong tendency to prove the case for forfeiture, claimant's failure to offer any explanation of the incriminating circumstances could· be taken against him.

It not being made to appear that the judgment was erroneous, it is affirmed.

2. Kent v. U. S., 5 Cir., 157 F.2d 1; Starkie on Evidence, Vol. 1, p. 54; One 1941

Ford ½ Ton Pickup Truck v. U. S., 6 Cir., 140 F.2d 255.