## WILLIAMS et al. v. UNITED STATES.

### No. 13797.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1952.

M. Neil Andrews, J. F. Kemp and J. M. Johnson, Atlanta, Ga., for appellants.

Lamar N. Smith, Asst. U. S. Atty. and J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This is an appeal from a judgment entered in an action of libel filed by the United States under Sections 3116 and 3321 of the Internal Revenue Code, 26 U.S.C.A. §§ 3116, and 3321, against a truck, an automobile and certain other property alleged to have been intended to be used in violation of the Internal Revenue Laws. Appellants filed two "Claim Affidavit[s]", claiming title to the vehicles and other property and denying that it was guilty of the offense charged. The case was tried to a jury which returned a verdict of guilty. Judgment of condemnation was entered accordingly.

This appeal is prosecuted upon the claim that the evidence is insufficient to support the verdict and that the Court erred in permitting the exhibit of certain documentary evidence. The documentary evidence complained of consists of copies of indictments returned against the claimants, five against Perry charging violations of the Internal Revenue Laws, (beginning in 1938), and one against Williams, Perry and others charging them with a conspiracy to violate the Internal Revenue Laws, dur-

ing 1949. In each case the claimants had pleaded guilty to the charge. In the latter case, Williams, Perry and Meager, a co-conspirator, pleaded guilty on January 8th, 1951.

From the testimony it was developed that on January 3rd, 1951, two agents of the Alcohol Tax Unit, during the course of a routine investigation in Fulton County, Georgia, discovered the truck parked to the rear of a service station located at the corner of Howell Mill Road and Tenth Street. The service station was closed and no one was near the station or the truck. Further investigation disclosed that the truck contained twenty 100 pound sacks of sugar, and in the cab of the truck there were three 100 pound bags of sugar and four 100 pound bags of rye meal. The two officers kept the truck under surveillance from a vantage point nearby and observed that no one came near it until 12:30 o'clock, A.M., January 4th, 1951, when the automobile drove into the station. Williams, Perry, Meager and another passenger were in the automobile. They watched the men remove three boxes and a suitcase from the automobile and place them in the truck. Perry and Meager drove off in the truck and Williams and the other passenger followed in the automobile. The two officers followed the two vehicles down Howell Mill Road; passed the automobile; and stopped the truck on Wallace Street, just off Marietta Street. Inspection of the truck disclosed that it contained two boxes of groceries, a suitcase, and fifty pounds of yeast in addition to the sugar and rye meal. There was testimony that sugar, rye meal and yeast are among materials generally used in the manufacture of non-tax-paid, or illicit, liquor, though of course these are also used for other purposes. The truck and its contents were seized, but the automobile turned in Wallace Street, backed into Marietta Street, turned around and proceeded back in the direction from which it had come.

During the afternoon of the same day, the officers found the automobile at Beaudry Motor Company in Atlanta, Georgia. The license tag had been removed. C. M. Daniel, an employee of Beaudry, Inc., testified that Williams contacted him at his place of business about 9:00 o'clock the morning of January 4th, and told him that his car was in the building and asked him to have the license tag removed, as he intended to trade automobiles. He also testified that Williams usually had the license tag removed from his automobile when he traded cars. One of the three witnesses who testified on behalf of appellants stated that Williams was taking him home at the time they stopped by the service station, but none of these witnesses attempted to explain the nature of the transactions described by the officers. Neither of the claimants were offered as witnesses to explain what they intended to do with the materials.

■■■■ It is urged that the documentary evidence was inadmissible and should have been excluded, because generally evidence of other offenses is not competent to prove the offense charged, especially where such previous offenses are remote in time to the one charged. The rule contended for does not obtain in civil suits where the question to be decided is intent to defraud.[1] In a case such as this the test as to the admission of evidence of other transactions is not whether such other transactions were criminal, but is whether the evidence is relevant to the issue on trial. The issue on trial involved the intent of the parties to violate the Internal Revenue Laws. The questioned evidence is relevant to illustrate the motive or intent of the parties on the occasion in question. The trial Court carefully instructed the jury that its consideration of this evidence should be limited to that specific purpose. The Court did not err in permitting the exhibit of the evidence and submitting it to the jury under proper instructions. Cf. Orloff v. United States, 6 Cir., 153 F.2d 292.

■■■■ The evidence was sufficient to support the verdict. The appellants, both with a previous record of violating the Internal Revenue Laws, were engaged in

1. Wood v. United States, 16 Pet. 342, 41 U.S. 342; 10 L.Ed. 987.

transporting materials, in combinations, which are generally used in the manufacture of illicit whiskey. They removed certain packages from the automobile to the truck. The jury was justified in finding that one of these packages contained yeast. The transactions took place in the early hours of the morning under what appeared to be, to say the least, curious circumstances. Although the automobile was following the truck and the actions of the parties indicated a common interest, when the truck was stopped the automobile turned around and proceeded in the opposite direction. The automobile was found a few hours later in a commercial establishment with the license tag removed. The appellants, although evidently possessed with full knowledge of the intended use of the materials, did not take the stand to explain, or attempt to explain, what they intended to do with them. Their failure to do so is a circumstance which may be considered against them. Anderson v. U. S., 5 Cir., 185 F.2d 343; Stagner v. United States, 5 Cir., 197 F.2d 992. Although the evidence as to intent is circumstantial, it is, nevertheless, sufficient to support the verdict.[2]

Judgment affirmed.

2. See Anderson v. U. S., supra; Busic v. United States, 4 Cir., 149 F.2d 794; United States v. One Reo Truck, D.C., 25 F.Supp. 213.