UNITED STATES of America,
Libelant,

v.

ONE 1951 CHEVROLET ¾-TON PICKUP
TRUCK, Motor Number AJCM–112005
Serial Number 9JRA 1932 664 King Size
Old Gold Cigarettes, Respondent.

Civ. A. No. 2798.

United States District Court
W. D. Kentucky, at Louisville.

May 6, 1955.

J. Leonard Walker, U. S. Atty., Louisville, Ky., for libelant.

S. W. Kellerman, Jr., Louisville, Ky., for intervening petitioner.

SHELBOURNE, Chief Judge.

This case involves a libel of information filed by the United States June 30, 1954, under the provisions of Sections 3116 and 3321 of Title 26 U.S.C.A., against One 1951 Chevrolet ¾ Ton Pickup Truck, Motor No. AJCM 112005, Serial Number 9 JRA 1932, and 664 King Size Old Gold Cigarettes, the truck being owned by one Albert Cox, who on August 14, 1954, filed an intervening petition asking that the libel be dismissed and the truck returned to him, the rightful owner.

The case was tried to the Court October 20, 1954, and the facts developed are as follows:

On May 11, 1954, an investigator for the Alcohol and Tobacco Tax Division, who testified he had information that Albert Cox, owner of a 1951 Pickup truck, had been delivering and selling cigarettes to the bartender at Butler's Tavern at 965 Dixie Highway, Louisville, followed said Cox, who was in the truck and saw him leave his truck and go into the cafe. The investigator looked in the truck and saw lying in plain view a package with a red rubber band around it, with cigarettes in it. The agent then went into the Tavern and found Cox and the bartender in earnest conversation.

While the agent was in the tavern, Cox left and returned with the package that he had left in the truck and handed it to the bartender, but he saw no money passed. The agent left when Cox emerged, accosted him, identified himself as an Agent of the Alcohol and Tobacco Tax Division and told Cox he wanted the package which he had given the bartender. Cox got the package and

surrendered it to the agent and it contained 201 King Size Old Gold cigarettes without the stamps thereon indicating the tax had been paid. The agent then checked the truck further and found 46 loose cigarettes. He later seized at Cox's home at 1724 Prentice Street, Louisville, 417 King Size Old Gold cigarettes, without the Government stamp on them.

Monition was issued by the Clerk of the Court and the cigarettes and the truck were seized by the United States Marshal and said property has since said seizure remained in the custody of the Assistant Regional Commissioner, Alcohol and Tobacco Tax, under the authority of Section 3321 of Title 26 U.S.C.A.

The libelant asks that the Court condemn said Pickup truck and the cigarettes by a decree of forfeiture and that the Court direct their disposition.

Albert Cox filed an intervening petition, denying any intention to violate the laws of the United States and asked that the truck, which was his property, be returned to him.

In his testimony Cox stated that he did not at any time sell the cigarettes to the bartender, but that he gave them to him because he had loaned him money and had generally befriended him. He stated that it was customary for the employees of P. Lorillard, where he worked, to take cigarettes from the factory and that it was known by the Supervisory Staff that it was done and that on occasions, some one of the supervisors had said either to him or in his presence to some one else, not to take too many. However, he admitted that when he was employed by the company, he signed a paper signifying his willingness to be searched at any time when leaving work, although he said he never knew of any one being searched and that the company gave the employees one package of untaxpaid cigarettes each week.

Cox admitted on cross examination that he had been warned about taking cigarettes from the company and said that when he took them, he put them in his shirt and coat pockets.

Section 3321 of Title 26 U.S.C.A. provides that any person who removes, deposits, or conceals, or is concerned in removing, depositing, or concealing any goods or commodities whereon a tax is imposed, with intent to defraud the United States of such tax, shall be liable to a fine of not more than $5,000, or be imprisoned for not more than three years or both.

Subsection (b) (1) of this section provides:

"Whenever any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities are removed, or are deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels, respectively, shall be forfeited."

Subsection (b) (3) provides:

"Every vessel, boat, cart, carriage, or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof, respectively, shall be forfeited."

Section 2171 of Title 26, provides for forfeiture for removal of cigars or cigarettes from any manufactury without the proper stamp thereon denoting the tax and for a fine of not more than $100 or more than $1,000 and imprisonment not less than six months nor more than two years.

Section 3116 of Title 26 provides:

"It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal revenue laws, or regulations prescribed under such part of laws, or which has been so used, and no property rights shall exist in any such liquor or property."

Counsel for Cox urges that since Cox was not indicted and found guilty

under Section 2171, the truck should not be forfeited. This is a fallacious argument, and not in conformity with the reported cases.

In the case of United States v. Ganey, 5 Cir., 183 F.2d 273, 274, where a libel was filed by the United States for forfeiture of an automobile because of its alleged use in the retail sale of whiskey without a retail liquor dealer's license, the lower Court forfeited to libelant the spirits seized, but denied forfeiture of the automobile. The Court of Appeals said the question presented was whether the car was subject to forfeiture under the provisions of Sections 3116 or 3321 of Title 26 U.S.C.A., and whether a prosecution of the retailer under 26 U.S.C.A. for violation of Section 3250 is a bar to the forfeiture of such automobile. The Court, in reversing the lower Court said:

"Although the indictment against the owner of this car, and the forfeiture proceeding, arose from the same transaction, they are completely independent of each other, and should not be confused. * * * We are of the opinion now, and have so held in at least two prior decisions, that Sections 3116 and 3321 disclose a clear intent of Congress to forfeit to the government automobiles used in violation of internal revenue laws with intent to defraud the United States, regardless of penalties imposed in other sections of the Code."

See also U. S. v. One Dodge Sedan, 3 Cir., 164 F.2d 950; U. S. v. One 1937 Model Ford Coach, D.C., 57 F.Supp. 977; United States v. One 1942 Plymouth Sedan Automobile, D.C., 89 F.Supp. 884; United States v. One 1935 Model Pontiac Sedan Automobile, 6 Cir., 105 F.2d 149, and United States v. One Dodge Sedan, 3 Cir., 113 F.2d 552.

■ Counsel for defendant also contends there was no intent on the part of Cox to violate the Internal Revenue laws and that proof of such intention was insufficient. There is no merit in this contention.

Cox was an employee of Lorillard and had been working there for over two years, using his truck for transportation back and forth. There is no claim on his part that he did not know that a tax stamp should be on all packages of cigarettes sold or distributed to the public, nor that he did not know that the cigarettes in question were without that stamp. He admits having this large number of unstamped cigarettes in his truck and a larger number in his home. He denies selling them to the bartender, but admits he gave them to him. He admittedly transported them in his truck and so far as the record shows, the only reason he went to Butler's Tavern on May 11, 1954, was to deliver these cigarettes to his friend, the bartender.

■ Intent may be inferred as a matter of circumstantial evidence from the facts surrounding each case.

In the case of One 1941 Ford ½ Ton Pickup Truck, etc. v. United States, 6 Cir., 140 F.2d 255, where a libel was filed against a truck under the provisions of Section 3450 R.S., as amended, § 3321, 26 U.S.C.A., the Court decided that under a statute authorizing forfeiture of a vehicle used for transportation or concealment of goods with intent to defraud the United States of tax, that intent may be inferred as a matter of circumstantial evidence. See also United States v. One Ford Coupe, 272 U.S. 321, 330, 47 S.Ct. 154, 71 L.Ed. 279; General Motors Acceptance Corporation v. United States, 8 Cir., 32 F.2d 121; Williams v. United States, 5 Cir., 199 F.2d 921, and United States v. One 1953 Model G.M.C. Pickup Truck, D.C., 123 F.Supp. 480.

After consideration of all the facts and circumstances and the evidence heard at the trial, the Court is of opinion that the said 1951 Chevrolet ¾ Ton Pickup Truck, Motor No. AJCM 112005, Serial Number 9 JRA and 664 King Size Old Gold Cigarettes were legally seized and that said property, by reason of its illegal use became and is hereby declared and ordered to be forfeited to the United States.

Counsel for libelant will present appropriate judgment, with notice to counsel for respondent.