R. L. (Bob) MARTIN and Hardy McCormick, Claimants, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18201.

United States Court of Appeals Fifth Circuit.

May 2, 1960.

Rehearing Denied May 30, 1960.

786

A. P. Schiro, III, New Orleans, La., for appellants.

Francis G. Weller, Asst. U. S. Atty., New Orleans, La., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

PER CURIAM.

This is a libel of information under 26 U.S.C.A. §§ 7301(b) & (e), 7302, for forfeiture of a diesel tractor, trailer and 310 sacks of sugar on the ground that the equipment (tractor and trailer) was being used to transport sugar intended for use in violating internal revenue laws regarding moonshine whiskey. Hardy McCormick filed a claim to the sugar. R. L. (Bob) Martin (allegedly a handyman and agent for McCormick) filed a claim to the rolling equipment. Each filed an answer to the libel. The District Court entered a judgment of forfeiture.

On appeal, two main objections are raised. First, the equipment and contents were illegally searched and seized. Second, the evidence of intended use in violation of the internal revenue laws was insufficient.

As this is not a criminal prosecution but merely an effort to effectuate a forfeiture arising from illegal use of the property involved, the legality of the search and seizure cannot be raised. Grogan v. United States, 5 Cir., 1958, 261 F.2d 86; United States v. Carey, 5 Cir., 1959, 272 F.2d 492.

The evidence is sufficient to support the inference that the acquisition of the sugar was for illegal purposes. In contrast to the criminal "beyond a reasonable doubt" standard, in a proceeding of this kind the burden is but the lesser civil one of "preponderance of the evidence." Lilienthal's Tobacco v. United States, 1878, 97 U.S. 237, 24 L.Ed. 901; Stagner v. United States, 5 Cir., 1952, 197 F.2d 992; United States v. One 1955 Mercury Sedan, 4 Cir., 1957, 242 F.2d 429; United States v. One 1954 Mercury 2-Door Sedan, D.C.E.D.Va.1955, 128 F. Supp. 891. This record—with its evidence that deliberate false information was given in purchasing the sugar, that McCormick was in fact the true owner of the equipment and that McCormick was linked with an illegal still in South Carolina—amply supports the judgment of forfeiture.

Affirmed.