HOLMES, Judge.
This is an action on an insurance policy.
The plaintiff filed suit against the defendant insurance company claiming damage to property insured under a home owner’s policy. After an ore tenus hearing, the trial court rendered judgment for the plaintiff. After the trial court overruled defendant’s post trial motions, defendant appealed.
The dispositive issue on appeal is whether the trial court erred in excluding evidence of a prior conviction of the plaintiff for attempted false pretenses.
The record of the proceeding below reveals the following: On August 10, 1975, the defendant issued a policy of insurance which covered plaintiff’s personal property and household effects for a term of one year. While the insurance was in force, the insured property was apparently vandalized and/or stolen.
The plaintiff sought $16,000 in proceeds under the policy and filed a proof of loss. The defendant, after investigating the claim, denied liability.
The defendant’s denial of liability was premised on its contention that the plaintiff had fraudulently claimed proceeds under the policy. By virtue of the terms of the *286 contract, which void coverage when the insured attempts to defraud the insurer, the defendant argued that the plaintiff was not entitled to recover.
At trial, the defendant attempted to prove, in essence, that the plaintiff sought to recover policy proceeds for property which he in fact did not own.
The record indicates that in its proof that plaintiff had attempted to defraud the defendant, the defendant offered into evidence a certified copy of plaintiff’s recent conviction, i. e., 1977, for attempted false pretenses. This evidence was offered as relevant proof on the issue of whether the defendant had the requisite intent to misrepresent material facts for pecuniary gain in this instance.
The trial court excluded the evidence for the reason that a conviction for attempted false pretenses does not appear under Alabama law to be an offense of moral turpitude admissible to impeach the plaintiff’s veracity. As set forth below, evidence of the prior conviction should have been admitted, not for the purpose of impeachment, but as relevant evidence tending to show that the plaintiff intended to defraud the insurer of policy proceeds in this instance.
At the outset we observe that the element of intent to defraud is common to the crimes of false pretenses and attempted false pretenses. See, e. g., Taylor v. State, 46 Ala.App. 105, 238 So.2d 902 (1970), and Broadway v. State, 36 Ala.App. 542, 60 So.2d 697 (1952).
With respect to crimes in which an element of intent must be proven, such as false pretenses, it is well settled that prior convictions of the crime are admissible as relevant to establish the accused’s requisite intent to defraud on the occasion in question. Gamble, McElroy’s Alabama Evidence § 70.01(10) (3rd ed. 1977); Wigmore On Evidence § 321 (3rd ed. 1940). This rule applies equally well in civil cases. Wig-more, supra, §§ 321, 371; McCormick On Evidence § 197 (2d ed. 1972).
In Alabama, in civil cases, evidence of other proven contemporaneous fraudulent transactions by the same party, of the same character, are admissible to show fraud in a transaction wholly distinct from the previous transaction. Great American Ins. Co. v. Dover, 221 Ala. 612, 130 So. 335 (1930). See also Roan v. Smith, 272 Ala. 538, 133 So.2d 224 (1961).
Our cases hold that other fraudulent transactions must be proven to be admissible; mere rumor of fraud on the part of the defendant will not suffice as admissible evidence. Great American, supra. Nothing could be further from rumor and speculation than a previous proven occurrence of the defendant’s intent to defraud as established by a criminal conviction for attempted fraud. Williams v. United States, 199 F.2d 921 (5th Cir. 1952).
In Williams, supra, the court held that evidence of the defendant’s prior convictions for fraud were admissible as relevant evidence of the defendant’s intent to commit civil fraud in the case before the court. In so holding, the court stated:
It is urged that the documentary evidence was inadmissible and should have been excluded, because generally evidence of other offenses is not competent to prove the offense charged, especially where such previous offenses are remote in time to the one charged. The rule contended for does not obtain in civil suits where the question to be decided is intent to defraud. In a case such as this the test as to the admission of evidence of other transactions is not whether such other transactions were criminal, but is whether the evidence is relevant to the issue on trial. The issue on [the former] trial involved the intent of the parties to violate the Internal Revenue Laws. The questioned evidence is relevant to illustrate the motive or intent of the parties on the occasion in question. The trial Court carefully instructed the jury that its consideration of this evidence should be limited to that specific purpose. The Court did not err in permitting the exhibit of the evidence and submitting it to the *287 jury under proper instructions. . . . ” (Emphasis supplied.) 199 F.2d at 922.
We find the reasoning in Williams compelling.
In the instant case, the plaintiff’s prior conviction for attempted false pretenses was highly relevant to the issue of whether he had the requisite state of mind to defraud his insurer in this instance. The crime was an act of the same character; it was not an act of fraud remote in time, nor was it a fraudulent act based on mere rumor or speculation. Thus, it was probative, going to the very core of the defendant’s case and should not have been excluded.
For the foregoing reasons, the case must be reversed. In view of the above, it would be inappropriate for this court to comment on other issues raised by the defendant-insurance company.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.