UNITED STATES v. FERNANDEZ.

(Circuit Court of Appeals, Fifth Circuit. November 18, 1918.)

No. 3293.

1. WAR ⊜⇒5—RESTRICTIONS ON TRADE—STATUTE.
   Where the United States libeled gold coin, on the ground that it was delivered for export and shipment and for the purpose of being taken out of the United States, in violation of Act June 15, 1917, and of the presidential proclamation of September 7, 1917, held that, as the proceeding fell within title 7 of the act dealing with exports, return of the coin on the giving of bond, etc., could not be allowed, under title 6, § 5, which is part of the general provision relating to seizure of arms, etc.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⬅1177(1)—REVIEW—REMAND.

Where gold coin was forfeited in proceedings under Act June 15, 1917, on the ground it was delivered for export outside of the United States, but it was ordered delivered to the claimant on his giving a bond conditioned that it would not be exported, etc., *held* that, though the provision for delivery on bond was unwarranted, the entire judgment will be reversed, to enable the trial court to pass on questions of law and fact, under a proper construction of the statute.

Appeal from the District Court of the United States for the Southern District of Texas; William B. Sheppard, Judge.

Libel by the United States to forfeit $40,300 in gold coin, alleged to have been delivered for export and shipment, and for the purpose of being taken out of the United States, which was claimed by Jesus Fernandez. From a judgment of forfeiture, providing that the coin should be delivered to the claimant upon the giving of a bond, conditioned that the coin should not be exported, etc., the United States appeals. Reversed and remanded.

John E. Green, Jr., U. S. Atty., of Houston, Tex.
Maco Stewart, of Galveston, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Libel by the United States government to forfeit $40,300 in gold coin, alleged to have been "delivered for export and shipment, and for the purpose of being taken out of the United States," in violation of title 7 of the Act of June 15, 1917, c. 30, 40 Stat. 225, and of the President's proclamation of September 7, 1917. Judgment was that the coin be forfeited, but that it should be delivered to the claimant, Jesus Fernandez, upon the giving by him of a bond, conditioned that it would not be exported or employed contrary to law.

[1] The judgment is evidently based upon section 5 of title 6 of the cited act. The subtitle of title 6 is "seizure of arms and other articles intended for export." The title deals with "arms and munitions of war, and other articles" intended for export, in violation of laws for the protection of neutrality. The law is general and permanent in character. Title 7 deals with exports "during the present war." The words "or other articles," as used in section 1 of title 6, while literally all-inclusive, should be construed with reference to "arms and munitions of war," used in connection with them, and should be limited to articles exportation of which is at all times unlawful, or to be made so by proclamation of the President. The reference in section 6 of title 6 to the action of the President "as provided in section 1 of this title" might (no action being there provided for) present difficulties in applying title 6, but the conclusion reached obviates necessity for construing that section.

Title 7, the only law under which a forfeiture could be had in this case, does not provide for the giving of a bond and the release of the property.

[2] Instead of amending the judgment by eliminating the provision with reference to the giving of the bond, the entire judgment will be reversed. It is possible that the forfeiture would not have been adjudged, except as the predicate for a bond. We prefer that the questions of law and fact involved in the forfeiture, under the assumption that title 7 is alone applicable, should be primarily determined by the trial court.

The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.