## REYNAL v. UNITED STATES.

### No. 11405.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1945.

E. F. Cameron, of El Paso, Tex., for appellant.

W. R. Smith, Jr., U. S. Atty., of San Antonio, Tex., and Holvey Williams and

Harold Sims, Asst. U. S. Attys., both of El Paso, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought under Section 4 of Title VI of the Act of June 15, 1917,[1] on February 2, 1945, the libel was for the condemnation and forfeiture of 2,843 feet of 7-inch O. D. well casing. It alleged: that its exportation was prohibited [2] except under federal license; that the proper export license had not been issued; and that customs patrol inspectors who had seized it had probable cause to believe that the property was being and was intended to be exported in violation of law. An order for attachment and monition issued February 5, 1945, returnable on the first Monday in March, 1945, next, if that be a day of jurisdiction, and if not, then on the first day of jurisdiction thereafter. On March 23, 1945, the marshal made his return thereon.[3] On March 19, on motion of the United States attorney, the cause came on for judgment, and it was ordered that "the property be condemned and forfeited to the United States for the reasons stated in the libel". On April 12, 1945, Bailey-Mora Company, Inc.,[4] and Hector Reynal[5] appeared by separate motions to set aside the judgment. In addition to his motion to set the judgment aside, Reynal applied, under Section 405, Title 22 U.S.C.A.,[6] to be allowed to make the bond and take the goods as therein provided.

Bailey-Mora's motion was opposed on the grounds: (1) that it was in effect a motion for new trial and must have been filed within five days after entry of judgment; (2) that filed after the term, the court was without jurisdiction to consider it; (3) that it fails to show any justiciable interest; and (4) that it fails to show that claimant has a substantial defense to the libel.

Reynal's motion to set the judgment aside was opposed on the same grounds and his motion for surrender of the property under bond was opposed on these grounds: (1) That it was filed too late, the term of court having expired; (2) that in any event it ought to have been filed before and not after the final judgment; and (3) that the application does not show sufficient facts to justify its granting. On April 23, 1945, Bailey-Mora's one motion and Reynal's two motions came on to be heard, and, as recited in the court's judgment, "at the same time came on to be heard the objections filed by the United States, objecting to said motions on the ground, among others, that the October term of court adjourned on March 31, 1945, and that the April term began on April 2, 1945." Whereupon reciting, "The court, having been fully advised of the motions and the objections filed thereto, heard no evidence and held that the October term of court had expired before any of said motions were filed and the objections

---

[1] 40 Stat. 224, 22 U.S.C.A. § 404.

[2] By Section 6 of Act of July 2, 1940, 54 Stat. 714, as amended 56 Stat. 463, 58 Stat. 671, Sec. 701, Title 50 U.S.C.A. Appendix and the proclamations, executive orders and regulations made pursuant thereto.

[3] "Received this writ at El Paso, Texas on Feb. 5, 1945, and I executed same at El Paso, Texas, on February 23, 1945, by causing to be published in the Labor Advocate, a newspaper printed in El Paso County, Texas, and by posting in the U. S. Post Office a notice of said seizure as I am herein commanded."

[4] It alleged (1) that it was engaged in the customs brokerage business in El Paso, Tex.; (2) that it had no notice of the libel being filed until after the judgment was rendered on March 19, 1945; and (3) it denied that it was about, or had intended, to export the goods unlawfully; and alleged that they would not have been exported except upon full compliance with law.

[5] It alleged facts which if true showed a meritorious defense to the libel. It also alleged that he had not been guilty of negligence in filing this motion or making an appearance in this case because he knew nothing of the libel suit until after March 15, 1943, and therefore could make no earlier appearance (it is evident that the date stated as it appears in the transcript is erroneous and that March 19, 1945 was intended).

[6] " * * * Provided, That upon the payment of the costs and legal expenses of both the summary trials and the libel proceedings provided for in section 404 of this title, and the execution and delivery of a good and sufficient bond in an amount double the value of the property seized, conditioned that it will not be exported or used or employed contrary to the provisions of sections 401–408 of this title, the court, in its discretion, may direct that it be delivered to the owners thereof or to the claimants thereof. June 15, 1917, c. 30, Title VI, § 5, 40 Stat. 224." Sec. 405, Title 22 U.S.C.A.

of the United States of America were good and should be sustained", the court sustained the motion of the United States and overruled the motions filed by Bailey-Mora and Reynal. But in order to give Reynal an opportunity to appeal to the President of the United States for release of the property under Art. 407, Title 22, the marshal was restrained for a time from selling the property. Reynal, appealing, is here insisting that the record presents only one question, whether the fact that the motions were not filed until after the term deprived the court of jurisdiction to consider and grant them. As to the motion to set aside the default, he urges upon us that the proceedings conforming [7] to admiralty, appellant had sixty days under Rule 39 [8] of the Admiralty Rules, 28 U.S. C.A. following section 723, to move to set it aside. As to the motion to make bond and take the property, he insists that the court had jurisdiction to consider such a motion at any time and without regard to the ending of the term. The government insists that the judgment below was not based solely on the ground that the court was without power to consider the motions. It was based, they say, also on the ground that the motions had been considered on their merits and were found to have none.

It insists further that if wrong in this the judgment that the motions came too late to be considered was right and must be affirmed.

■ We agree with appellant that the motions were not considered and denied on their merits. They went off solely and entirely on the mistaken view of the judge that they were in effect motions for new trial, and the term having expired, he was without power to grant them. We agree with the government that, except as to filing the libel and obtaining jurisdiction, admiralty procedure does not apply. A forfeiture proceeding after these preliminaries takes the character of a law action,[9] and under Rule 81(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[10] is now governed by those rules. Therefore, appellant may not invoke Admiralty Rule 39 for setting aside a default. But the motions in question were not motions for new trial. They did not have to be filed within the time fixed for such motions, nor did the ending of the term prevent their filing. The motion to set the judgment aside was a motion to set aside an entry of default. It was governed by Rules 55(c) [11] and 60(b),[12] Rules of Civil Procedure. Filed within less than thirty

---

[7] "The proceedings in such summary trials upon the petition of the owner or claimant of the property seized, as well as in the libel cases provided for in section 404 of this title, shall conform, as near as may be, to the proceedings in admiralty, except that either party may demand trial by jury of any issue of fact joined in such libel cases, and all such proceedings shall be at the suit of and in the name of the United States: * * *." Sec. 405, Title 22, U.S.C.A.

[8] "The court may, in its discretion, on motion of the respondent or claimant and the payment of costs, rescind the decree in any suit in which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree has been entered, the respondent or claimant submitting to such further orders and terms in the premises as the court may direct; and the term of the court shall be deemed extended for this purpose until the expiration of such period of sixty days."

[9] 443 Cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174.

[10] "Rule 81. Applicability in General.
"(a) To what Proceedings Applicable * * *

"(2) In the following proceedings appeals are governed by these rules, but they are not applicable otherwise than on appeal *except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity:* * * * forfeiture of property for violation of a statute of the United States." (Emphasis supplied.)

[11] "Rule 55. Default. * * *
"(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

[12] "Rule 60. Relief from Judgment or Order. * * *
"(b) Mistake; Inadvertence; Surprise; Excusable Neglect. On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding *taken against him through his mistake, inadvertence, surprise, or excusable neglect.* The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * *" (Emphasis supplied.)

days after entry of the default, claimant's motion to set it aside was filed in ample time, and the court erred in not considering it on its merits and granting it so that claimant could be heard upon whether the property should be condemned. If the libel had stated a sufficient ground of forfeiture and there had been proper service of process, the judgment, having been taken against him upon published service and without notice of any kind to him, should have been set aside, as a matter of course, upon the showing made in his motion. If there was any neglect or fault, and we cannot see any, it was certainly excusable. But the judgment of forfeiture was not validly entered and for this reason also it may not stand. This invalidity arises out of deficiencies (1) in the libel, and (2), in the process. Section 1 [13] of the Act of June 15, 1917, which authorizes the forfeiture provides: "If, upon due inquiry as provided in Secs. 402-408 of this title, the property seized shall appear to have been about to be so unlawfully exported, shipped from, or taken out of the United States, the same shall be forfeited to the United States."

Section 4 of the same Act,[14] after providing for both summary trial and libel proceedings, provides: "If, after trial and hearing of the issues involved, the property is condemned * * *."

Here there was no trial or hearing but a judgment by default. In a proceeding in rem, where the validity of the judgment depends on following the prescribed procedure, a default judgment cannot be sustained unless the libel directly alleges facts[15] authorizing forfeiture, and process is issued and served as required. The default in this case was, as it must have been, based "on the reasons stated in the libel". To support the judgment, the libel must have affirmatively alleged as a fact that the property "was about to be unlawfully exported, shipped from, or taken out of the United States". The libel does not allege that the property was about to be exported in violation of law. It alleges merely that the customs patrol inspectors who seized the property had probable cause to believe that it was. Their probable cause is sufficient to justify the warrant of detention which was issued in this cause. It is not sufficient to justify the forfeiture.

■ For another reason, that the judgment was not supported by service sufficient to give the court jurisdiction in rem to condemn the property, it may not stand. The order for notice required the marshal of the district "to give 14 days notice prior to the first Monday in March * * * by causing the substance of the libel and of this order to be published one time in a newspaper published in the City of El Paso". The marshal's return on the notice shows that it was not published until February 23rd, much less than fourteen days from the return date. The service was therefore completely inadequate to support the judgment by default.[16]

■ The reversal of the order refusing to set aside the judgment necessarily results in a reversal of the order denying claimant's motion to make bond and take the property, but in view of the government's contention that the motion came too late because made after judgment, we think we should say in the event the forfeiture proceeding is further pressed, that we do not at all agree with this contention. Section 5 of the Act,[17] under which the motion for return of property was made, makes it plain that the motion may be made at any time before the judgment of forfeiture is entered and becomes irrevocable. Indeed, normally the matter would be first tried out to determine whether there had been a violation. If the charges that the law had been violated were without support in the evidence, the property would be released to the claimant without requiring bond. If they were supported, so as to justify condemnation, then and not otherwise ought it to become necessary for a citizen to give a bond that the property would not be exported in violation of law. In United States v. Fernandez, 5 Cir., 254 F. 302, 304, there was a judgment of forfeiture providing that the money

---

13 Sec. 401, Title 22 U.S.C.A.

14 Sec. 404, Title 22 U.S.C.A.

15 The Sagatind, D.C., 4 F.2d 928, at page 930, where it is said: "But there must be a federal law of forfeiture covering the violation and proper specification of the offense sought to be alleged." The Merino, 9 Wheat. 391, 22 U.S. 391, 6 L.Ed. 118; The Idaho, D.C., 29 F. 187;

The Samuel, 1 Wheat. 9, 14 U.S. 9, 4 L.Ed. 23; United States v. The Little Charles, Fed.Cas.No.15,612; Eighteen-Thousand Gal. of Distilled Spirits, Fed. Cas.No.4,317.

16 Criscuolo v. Atlas Imperial Diesel Engine Co., 9 Cir., 84 F.2d 273.

17 See Note 6.

should be delivered to the claimant upon the giving of a bond. It appearing that the proceeding was under Section 7 of the Act of 1917, instead of under Section 6, and that Section 7 does not provide for the giving of a bond, the appellate court was requested to strike from the judgment, the provision for giving bond, leaving the forfeiture to stand. The court said: "Instead of amending the judgment by eliminating the provision with reference to the giving of the bond, the entire judgment will be reversed. It is possible that the forfeiture would not have been adjudged, except as the predicate for a bond."

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.