### UNITED STATES v. CATALDO.
### No. 4173.

Circuit Court of Appeals, First Circuit.

Oct. 31, 1946.

Vincent A. Kleinfeld, Atty., Dept. of Justice, and James B. Goding, Atty., Federal Security Agency, both of Washington, D. C., Theron L. Caudle, Asst. Atty. Gen., George F. Troy, U. S. Atty., and Joseph L. Breen, Asst. U. S. Atty., both of Providence, R. I., for appellant.

Michael Carchia and Charles B. Garabedian, both of Boston, Mass., for appellee.

Before MAHONEY, GOODRICH (by special assignment) and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This is an appeal from the dismissal of a libel brought under the Federal Food, Drug, and Cosmetic Act of 1938, 52 Stat. 1040, 21 U.S.C.A. § 301 et seq., for the condemnation of certain articles of food consisting of 193 cartons, more or less, each containing 18 boxes of a food labeled in part: "Benevento Brand Nougat Net Weight 9 Ounces Contains 18 Pieces Weighing ½ Ounce Each, Consisting of Sugar, Honey, Almonds, Egg Whites, Cinnamon, Wafer * * *", which were shipped in interstate commerce from Boston to Providence. The libel charged misbranding within the meaning of § 403(d)[1] of the Act in that its container is so filled as to be misleading since the boxes could hold approximately 50 per cent more candy.

In his answer the claimant sought the return of the articles alleging that he was the owner of the Liberty Chocolate Company which shipped the articles from Boston to Providence in interstate commerce and denied that they were misbranded and liable to seizure and condemnation. He averred that he had manufactured and packaged the articles under his individual name for a long time and that the large carton measures approximately 6″ X 8″ and is 1⅛″ deep and each carton contains 18 small boxes; each small box measures 1¼″ in width, 2″ in length and about 1″ in depth, and bears the same description and representation as the outer package; that each of these small boxes contains one piece of candy, one-half ounce in weight, known as "Torrone". Each piece is wrapped with a piece of wafer and measures approximately 1″ in width, 1⅞″ in length and ½″ in depth. These boxes and cartons are similar in size, description and contents to those of other manufacturers in the trade. He denied that they were misbranded and prayed for a dismissal of the libel.

The question is whether the containers of the article were so made, formed or filled as to be misleading thereby constituting misbranding within the meaning of § 403(d) of the Act.

The libellant contends that the libelee has violated the provisions of § 403(d) of the Act by shipping in interstate commerce packages of food, in this instance candy, which are slack-filled, that is, in containers

[1] "Sec. 403(d) A food shall be deemed to be misbranded—if its container is so made, formed, or filled as to be misleading." 21 U.S.C.A. § 343(d).

only partly filled with candy and partly filled with wrapping and is so prepared that it would be a source of deception to the public. It contends that the containers are less than 50 per cent filled with candy and refers to the Congressional history of the Act to demonstrate that slack-filling was one of the things that Congress meant to prohibit for the protection of the public.

There was produced in evidence for the libellant one of six large containers which had been taken from the 193 cartons originally shipped in interstate commerce and marked "Exhibit 1". A witness for the libellant testified that the large cartons were flat and rectangular in shape, with flaps at both ends, and that they contained 18 small cartons which completely filled the larger one. From each of three large cartons there were taken five small units containing candy. The candy was unwrapped and it was determined that the average dimensions per piece of candy was 1.05 cubic inches. The internal volume of the small cartons was determined to be 2.32 cubic inches. The candy occupied 45.3 per cent of the entire volume of the carton. He also testified that it was due to bulky wrapping that the candy appeared to fill the package adequately but he said that if the wrapped candy were pressed tightly against the side of the carton a considerable amount of space became apparent and if the wrapped candy were pressed toward the end of the box a considerable end space also became evident. He also said that when the paper was removed and the candy placed back in the box it was pretty loose. Certain small containers were handed to the judge and the witness demonstrated what his report meant.

■ There is no hard and fast rule as to what would constitute slack-filling. Whether or not over 50 per cent space in a particular package of candy was slack-filling is a question of fact for the district court to decide. It had before it samples of the containers, both large and small; it examined them and commented on the fact that apparently there was a very slight space in the package.

■ In making its decision the court referred to the fact that there was no evidence before it that containers of the type of Exhibit 1 had been "palmed off" on the public, and also that there was no testimony on behalf of the libellant that the markings would be misleading or would likely be misleading to an average purchaser, and seemed to rely upon the fact that proof of actual deception in the sale of the candy was necessary, citing United States v. 2 Bags, etc., of Poppy Seeds, D.C., N.D.E.D. Ohio, 1944, 54 F.Supp. 706. However this case had been overruled by the Circuit Court of Appeals, United States v. 2 Bags, etc., of Poppy Seeds, 6 Cir., 1945, 147 F.2d 123. Whether or not the articles in question had been "palmed off" on the public or whether or not the markings on the package were proper markings were questions not relevant to the issue in this case which the district court was called upon to consider.

■ Although the trial court did refer to these conditions which are covered by other sections of the Act, it nevertheless held that there was no testimony to the effect that the boxes could hold approximately 50 per cent more candy, and was not convinced by the testimony that the wrapping and size were misleading. It stated that it would be "stretching the statute all out of proportion to its purpose if it were to find on the evidence in this case, dealing with this particular nougat, the way it is shaped and wrapped, that that container was so made, formed or filled as to be misleading", and that there was nothing "in the shape and size of the larger package or the smaller packages that would be misleading to a person". Moreover, the court held that it could not as a matter of law say either that the product has been misbranded or that its "containers are so made, formed or filled as to be misleading."

The Federal Rules of Civil Procedure govern proceedings on appeals in actions for the forfeiture of property for violation of a statute of the United States. Rule 81(a) (2), 28 U.S.C.A. following section 723c. This case is an action under the Federal Food, Drug, and Cosmetic Act of

1938, which is a statute of the United States and is on appeal before us. Under Rule 52(a) of said Rules, findings of fact shall not be set aside unless clearly erroneous. We cannot say the finding that the container was not so made, formed or filled as to be misleading is clearly erroneous.

The decree of the District Court is affirmed.