UNITED STATES of America,
Libelant,
v.
BORAX, 11,020 BAGS, More or Less,
Marked H.K., Numbered 1
to 11,020.

UNITED STATES of America,
Libelant,
v.
PARAFFIN WAX, 2255 BAGS.

Nos. 1976, 1977.

United States District Court
E. D. New York.

Jan. 11, 1956.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Harry C. Fischer, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

Burlingham, Hupper & Kennedy, New York City, by Burton H. White, and Richard W. Palmer, New York City, Advocates, for Mitsui Steamship Co., Ltd.

Simon & Brand, Brooklyn, N. Y., for claimant, New York Harbor Terminal Corp.

Bigham, Englar, Jones & Houston, New York City, by J. Joseph Noble, and Sheldon A. Vogel, New York City, of

counsel, proctors for Claimant K. Burgi-Tobler & Company (in Misc. 1977).

BYERS, District Judge.

These are two motions in companion cases, for leave on the part of the petitioner in each, to intervene and file a libel in that behalf by N. Y. Harbor Terminal Corporation, to be called Harbor.

In the first cause the United States filed its libel on May 4, 1955 for the condemnation and forfeiture of 11,020 bags of borax because as alleged, the export thereof was in violation of the Export Control Act, 22 U.S.C.A. § 401 and 50 U.S.C.A. Appendix, § 2021 et seq.

An amended libel was filed September 2, 1955 which invoked as well the Export Regulations, etc. 15 C.F.R. § 368 et seq. The amended libel need not be set forth for the purposes of this motion; it will suffice to say that it pleads matters and transactions which are deemed to justify forfeiture to the United States of the borax described in the caption, the condemnation of which is sought.

Facts are pleaded to indicate that an export license was illegally procured and that seizure was lawfully made of the subject matter on May 4, 1955 in this District. That export had been attempted under B/L No. Hamburg LA-5- dated January 24, 1955 which was unlawfully prepared, etc., for reasons stated.

The prayer is for process and attachment, to bring the borax within this court's jurisdiction, as well "as of monition to all parties in interest, to appear upon the return day of such process and duly intervene herein by claim or plea in the premises" and due proceedings being had, for condemnation and forfeiture.

On May 18, 1955 claim was filed by Mitsui S/S Co. Ltd., the carrier of the cargo containing this borax, as intervenor claiming a maritime lien for freight, etc.; and its libel was filed September 30, 1955.

On the same day Kesco Company filed a claim as owner of the borax.

On October 18, 1955 the answer to the amended libel by Kesco was filed, which contains denials, and also raises issues of law.

Meanwhile intermediate proceedings were had which need not be recited, except to note that on July 19, 1955 an affidavit by the Assistant U. S. Attorney in charge of this matter was filed stating that he had served notice of motion for sale of the borax, upon proctors for the claimants above named, and upon "Simon and Brand, Esqs., 44 Court Street, Brooklyn, N. Y., Proctors for New York Harbor Terminal Corporation, in regard to its claim for intervention herein, dated June 28, 1955."

I find no such claim in the file but this affidavit conclusively shows that as early as July 19, 1955, the libelant knew of the claim.

A notice of this motion was served by Harbor on October 21, 1955, returnable November 2, 1955, but for some reason not explained, the motion was not heard until December 14, and all papers required for its consideration were not filed until January 5, 1956.

The proposed intervening libel and complaint seeks to impress a lien upon the proceeds of the said sale for storage charges on its pier 13, Stapleton, S. I., from April 7, 1955 to May 6, 1955, both dates inclusive, pursuant to alleged request of the U. S. Collector of Customs.

Whether there was such a request or agreement would be a matter of proof on the trial.

The Government opposes intervention seemingly on the theory that the petitioner is not entitled to its day in court.

The argument appears to be that the forfeiture must be deemed to have been accomplished, although the issues have not yet come to trial. Since the seizure was made on May 4th, seemingly the contention is that the borax could not then be the subject of a bailee's lien for safekeeping. If that is the law, it should not be so declared on a motion which has for its object the purpose to establish the contrary pursuant to the submission of evidence.

While in the cases of vehicles, the latter are regarded in the legal sense as offending instrumentalities, no reason is presently perceived for extending that theory to a commercial product not inherently illicit or forbidden as such to move in commerce.

■ So far as questions of practice are concerned, it seems that the forfeiture proceedings loses its admiralty characteristics with the filing of the libel, and the acquisition of jurisdiction by this court: Reynal v. United States, 5 Cir., 153 F.2d 929.

Thus, this petition should be considered in the light of Rule 24(b), Fed.Rules Civ.Proc. 28 U.S.C.A. It seems that clause (2) "when an applicant's claim or defense and the main action have a question of law or fact in common" should be held to apply, for reasons which must be apparent.

The concluding sentence which directs the court in the exercise of its discretion to consider whether intervention will delay or prejudice the adjudication of the rights of the original parties, is not thought to suggest denial of the motion, for the case is so recent as to be contemporaneous herewith.

So far as delay is concerned, the libelant has known of petitioner's claim since July 19, 1955, well before the amended libel was filed. The prayer which has been quoted for monition to "all parties in interest" may well be construed therefore to be addressed to this petitioner.

The argument that administrative relief pursuant to 19 U.S.C.A. § 1613 is the sole remedy of Harbor seems to overlook the fact that forfeiture has not thus far been decreed; also that the petitioner is not seeking remission of forfeiture, in whole or in part, but an adjudication of its rights as a bailee of property which but for its services might not have been available for seizure on May 4, 1955.

What those services were, how they came to be rendered, and the fair and reasonable value thereof, or the contract price therefor. are all matters appropriate for consideration on the trial, in connection with all issues of law necessarily created thereby.

The rights of the carrier, and the owner-claimant will not be adversely affected if the motion be granted, since it was the carrier (whose maritime lien is asserted) that seems to have been a party to the arrangement with Harbor, whatever it was. The asserted owner of the borax is of course a proper party to the controversy concerning charges for safekeeping. These claimants do not oppose the proposed intervention.

The facts in the second cause are sufficiently similar to those in the first, that the differences only need be stated. The paraffin wax referred to in the caption was described in a libel and amended libel filed on the same dates as in the other cause.

Mitsui filed notice of claim, i. e. maritime lien for freight charges. Its intervening libel and complaint were filed September 30, 1955.

An answer to the original libel was filed by K. Burgi-Tobler & Company as claimant; later there was an answer by that claimant to the amended libel filed December 6, 1955 which in addition to denials of some of the articles of the amended libel, alleges as one among other defenses, its contractual relations with Baird Chemical Corporation touching the purchase from the latter of the paraffin or wax, on January 3, 1955. That export trade privileges were denied to this claimant on February 21, 1955, that the latter was ignorant of any export restrictions affecting the wax, and relied upon Baird Chemical Corporation for information in that behalf, which was not disclosed. That $56,250 was paid by this claimant to Baird, and an impleading petition under the 56th Rule was filed with the answer, seeking to bring in Baird as a party.

As to that, a special notice of appearance has been filed on December 21, 1955 objecting to the return of service "of summons" upon it for reasons stated.

Incidentally, the wax has been sold pursuant to consent order dated November

30, 1955 and the proceeds of that sale are held in the Registry of the Court, and the rights of all parties are to continue against the fund.

The status of this petitioner has not been so clearly recognized by libelant in this cause, as in the first.

The supporting affidavit of this motion for leave to intervene, etc., verified December 2, 1955 by Abraham H. Simon as attorney for Harbor, avers that notice of claim was served upon all parties who have any interest in or claim to "the aforesaid cargo" and that the U. S. Attorney has been apprised of Harbor's alleged Maritime lien. A copy of the notice is attached to the affidavit. It bears date of June 28, 1955.

The attorneys for the owner-claimant have filed an affidavit opposing intervention and state inter alia that they received no such notice of claim, and prior to December 2, 1955 did not know of it.

The memorandum in opposition which they file is mainly directed to the argument that no maritime lien could exist under the circumstances in favor of Harbor. That may be correct as a matter of law but does not require the court so to decide on this motion. The libelant's brief in the first cause has been requisitioned by it, in the second.

Since as has been seen, the controversy does not confine itself to the application of principles peculiar to the Admiralty law, it would seem that there should be accorded to Harbor the opportunity to appear in this cause, and establish if it can, a bailee's lien such as the law might recognize if the circumstances seem to be appropriate, for labels are not of overriding importance in the adjudication of legal controversies.

For these reasons, the motions for leave to intervene and file libels and complaints in behalf of Harbor will be granted, but without intending thereby to suggest a recommended course of decision in any respect, when the causes shall come to trial.

Settle orders.