**UTLEY WHOLESALE COMPANY,**
Claimant, Appellant,

v.

**UNITED STATES of America,**
Libelant, Appellee.

**No. 19410.**

United States Court of Appeals
Fifth Circuit.

Sept. 13, 1962.

Tom F. Phillips, Baton Rouge, La., George K. Reeves, Caruthersville, Mo., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., Ward & Reeves, Caruthersville, Mo., for Utley Wholesale Co. and Murlon T. Utley, claimants-appellants.

Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

The United States filed its libel under 26 U.S.C.A. § 7301(b) and (e) and § 7302 [1] for the forfeiture of a tractor, trailer and 300 sacks of sugar. Utley Wholesale Company, a corporation, claimed the property and denied any

---

1. Section 7302 provides in part:
    "It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property."

cause of forfeiture. The issues were tried by the court without a jury, and resulted in a judgment of forfeiture. The only questions on appeal relate to the sufficiency of the evidence to support the judgment.

The claimant, Utley Wholesale Company, was incorporated in Alabama, but was wholly owned by Murlon T. Utley, a resident of Steele, Missouri. Its principal place of business and warehouse were located in Steele, Missouri. It owned a fleet of 24 trucking units and was engaged in the business of buying, selling and transporting sugar, lumber, corn and other commodities. Its sugar operations constituted a major portion of its over-all business.

Pursuant to 26 U.S.C.A. § 5291(a) [2] and related regulations, the Treasury Department on June 28, 1957 delivered to Utley a letter placing the Company on demand, requiring it to report weekly on Form 169 all sales of sugar in amounts of 300 pounds or more, including "(c) the name and complete address of each purchaser, consignee, and other person actually receiving such substances or articles, and of any other person for, by or through whom the substances or articles were ordered or disposed of; (d) the date and method of shipment and delivery; and (e) if delivered or shipped by truck or other conveyance, the State or city registration number of such truck or conveyance, and the name and complete address of the operator of such truck or conveyance as shown by his operator's license, giving the number of such operator's license and the date of its issuance." 26 C.F.R. 173.20.

The Company was so placed on demand not because it was suspected of association with any illegal traffic in sugar, but because it had refused to have tickets indicate the ultimate destination of sugar purchased at the refineries.

Beginning on November 20, 1959 and continuing to April 1960, Utley Wholesale Company used the tractor sought to be forfeited for the delivery of twelve separate loads of sugar reported as sold to Johnson Syrup Co., Pulaski, Tennessee. The trailer was used to haul at least four of the twelve loads. No "Johnson Syrup Company" has ever existed in Pulaski or anywhere else in the State of Tennessee.

The sugar in each of the twelve loads varied from 27,000 pounds to 35,000 pounds and totaled 383,500 pounds. The purchase price paid for each load was a considerable amount, the smallest being $2,288.79 and the largest $2,952.25, and the total aggregating $32,075.05. Each of the payments of purchase price was made in cash money, and these were the only cash bank deposits among a total of over 450 items representing the sugar account of Utley Wholesale Company for the period from November 1, 1949 to April 4, 1960. In each instance the tractor and trailer transporting the sugar from the refinery was driven by Chester L. Moyers, a trusted employee of the Company for approximately 17 years. Moyers delivered one of the loads to an unidentified man in an unidentified truck

2. "§ 5291. *General*

"(a) *Requirement.*—Every person disposing of any substance of the character used in the manufacture of distilled spirits, or disposing of denatured distilled spirits or articles from which distilled spirits may be recovered, shall, when required by the Secretary or his delegate, render a correct return, in such form and manner as the Secretary or his delegate may by regulations prescribe, showing the name and address of the person to whom each disposition was made, with such details, as to the quantity so disposed of or other information which the Secretary or his delegate may require as to each such disposition, as will enable the Secretary or his delegate to determine whether all taxes due with respect to any distilled spirits manufactured or recovered from any such substance, denatured distilled spirits, or articles, have been paid. Every person required to render a return under this section shall keep such records as will enable such person to render a correct return. Such records shall be preserved for such period as the Secretary or his delegate shall by regulations prescribe, and shall be kept available for inspection by any internal revenue officer during business hours."

in Jackson, Mississippi, and two of the loads similarly in Memphis, Tennessee. Trucks called for the other loads at the warehouse in Steele, Missouri, and Utley himself collected the cash purchase money. In no instance did the driver sign a receipt for the load of sugar or any other document. There were no signs on the trucks of the non-existent Johnson Syrup Company, and no record was kept by which to trace the person to whom the sugar was actually delivered.

According to Utley's testimony, a man telephoned him, simply said he was Mr. Johnson and "I own Johnson Syrup Company in Pulaski," related that he had one of Utley's price lists and arranged for the first cash purchase. Thereafter, "every time I delivered a load of sugar to him I received a telephone call." Neither Utley nor any employee has ever seen "Mr. Johnson." He cannot otherwise be identified even by a first name. Utley made the Form 169 Report on all twelve loads, showing the sugar sold to "Johnson Syrup Company, Pulaski, Tennessee."

The district court also found, contrary to Utley's testimony, that:

> "On or about January 22, 1960, Investigator Ted R. Williams, an undercover agent for the Alcohol and Tobacco Tax Unit of the United States Treasury Department, visited the office of Utley Wholesale, Inc. in Steele, Missouri, to determine if Murlon T. Utley would agree to sell sugar in violation of the internal revenue laws, and was advised by the said Murlon T. Utley that he (Utley) would sell to Williams for cash sugar in the amount of a hundred 100-pound bags per week, would bill it to any name Williams chose to use, and would conceal from the government the number of the license tag of the vehicle in which Williams transported the sugar."

The district court was clearly correct in finding that Utley, after being served with a demand letter, failed to properly comply with 26 U.S.C.A. § 5291 (a), and the regulations adopted pursuant thereto. The burden resting on the government to prove the cause of forfeiture is not beyond a reasonable doubt but simply by a preponderance of the evidence. Martin v. United States, 5 Cir., 1960, 277 F.2d 785; Patenotte v. United States, 5 Cir., 1959, 266 F.2d 647, 651; United States v. Bryan, 5 Cir., 1959, 265 F.2d 698; Stagner v. United States, 5 Cir., 1952, 197 F.2d 992; United States v. One 1955 Mercury Sedan etc., 4 Cir., 1957, 242 F.2d 429, 430.

Rule 81(a) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., provides that appeals in cases of forfeiture of property for a violation of a statute of the United States are governed by the Rules of Civil Procedure. Findings of fact in such cases should not be set aside unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure. C. C. Co. v. United States, 5 Cir., 1945, 147 F.2d 820, 824; Reynal v. United States, 5 Cir., 1945, 153 F.2d 929, 931; United States v. Cataldo, 1 Cir., 1946, 157 F. 2d 802; Colusa Remedy Co. v. United States, 8 Cir., 1949, 176 F.2d 554, 557; United States v. Andrade, 9 Cir., 1950, 181 F.2d 42.

[4] We cannot hold that the district court was clearly erroneous in finding that the truck and tractor had been used in violating the provisions of the internal revenue laws.

On the other hand, the evidence was without dispute that the load of sugar seized had not been sold, but was simply being transported to Utley's warehouse in Steele, Missouri. As to that particular sugar there was no sufficient evidence or indication that it was intended for use in violating the internal revenue laws. As to the sugar the judgment of forfeiture is reversed and the cause remanded, and as to the tractor and trailer the judgment is affirmed. One half of the costs of appeal are taxed against the appellant.

Affirmed in part and reversed and remanded in part.