**UNITED STATES of America, Libellant,**

v.

**ONE CARTON POSITIVE MOTION PICTURE FILM ENTITLED, "TECHNIQUE OF PHYSICAL LOVE" (35 mm. Eastman Color, Four (4) Double Reels, 7200 Feet, German Soundtrack), Claimant.**

**Civ. A. No. 68–1941–C.**

United States District Court, E. D. Louisiana, New Orleans Division.

April 24, 1970.

James D. Carriere, Asst. U. S. Atty., for libellant.

Charles M. Lanier, New Orleans, La., for claimant.

RUBIN, District Judge.

The United States seeks forfeiture and destruction of a motion picture entitled "Technique of Physical Love" (Technique) pursuant to 19 U.S.C. § 1305 on the ground it is obscene. The film was imported through the Port of New Orleans from Berlin, West Germany for the purpose of general commercial distribution and public display. Shortly thereafter, the District Director of Customs for the Port of New Orleans seized it.

The United States offered as evidence only the film itself and the opinion of a well-qualified psychiatrist. As in any civil forfeiture matter, the United States has the burden of proving by a preponderance of the evidence that the article is obscene. Utley Wholesale Company v. United States, 5 Cir. 1962, 308 F.2d 157. Since the evidence offered by the United States is not sufficient to establish the obscenity of the film, it is not necessary to consider the constitutional issues urged by the owner of the film.

Whether or not a particular work is obscene is "a question of constitutional *judgment* of the most sensitive and delicate kind." Roth v. United States, 1957, 354 U.S. 476, 498, 77 S.Ct. 1304, 1316, 1 L.Ed.2d 1498 (Harlan, concurring) (Emphasis in original). The First Amendment guarantee of freedom of speech protects against charges of obscenity unless "(a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value." A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Comm. of Mass., 1966, 383 U.S. 413, 418, 86 S.Ct. 975, 977, 16 L.Ed.2d 1. *See also,* Ginzburg v. United States, 1966, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31; Mishkin v. State of New York, 1966, 383 U.S. 502, 86 S.Ct. 958, 16 L.Ed.2d 56.

Technique is a four reel, color film with a German sound track. When viewed by the court, it was accompanied by an informal, tape-recorded translation prepared by the Department of Justice.

It opens with a commentator who decries the average person's inadequate knowledge and understanding of the characteristics and functions of the human sex organs and erogenous zones. He further laments that the average person is unmindful of the various possible positions of intercourse, including the relative advantages and disadvantages of each, as well as preliminary techniques of deriving greater mutual satisfaction and pleasure from intercourse.

The scene switches to a moderator clad in medical garb, and a standing, nude man and woman. The moderator, utilizing a tongue depressor, points out the male and female sex organs exhibited by his models. He then discusses the various erogenous zones as the models demonstrate the proper technique for stimulating those zones. The moderator then describes some twenty or so positions of intercourse. First, he demonstrates each position by manipulating articulated mannequins that lack genitalia. Then the live models assume the position and the moderator describes its advantages and disadvantages. When the position is shown from an angle that would emphasize the genitals on the live models, the mannequins are used. Nor are the models shown engaged in actual or simulated intercourse; they merely demonstrate the relative body positions that couples would assume in utilizing the different positions discussed.

The purported purpose of Technique is the same as that of a sex manual: to make the average person more sophisticated in sexual techniques. The psychiatrist's opinion is that "the dominant theme of the film, *taken as a whole,* is prurient interest in sex. \* \* \* [T]his picture film is offensive to contemporary community standards and furthermore that witnessing of this film by some adolescents in their transitional phase of maturity might precipitate significant emotional and psychiatric conflicts."

"The film does make sex to be largely a mechanistic procedure with little, if any, emphasis on the important emotional and interpersonal values of sexuality," he states. "It speaks with such strong assurance on all the points it shows, yet many authorities would disagree with basic tenets of the film." (Emphasis in original written report in record.)

The psychiatrist did not testify that the film was "utterly without redeeming social value." The film purports to be a pictorial sex manual; it has whatever value such a manual might have. It is not patently offensive. It is neither sexually exciting or stimulating. Far from titillating at any time, it is on occasion downright dull. The sexual demonstration is stodgy. Some might even comment, "Honni soit qui mal y pense."

Prurient has been defined as "itching," "longing," "uneasy with desire or longing," "lascivious," "lewd;" a prurient interest is "a shameful or morbid interest in nudity, sex, or excretion." Roth v. United States, 1957, 354 U.S. 476, 487, 77 S.Ct. 1304, 1310, note 20, 1 L.Ed.2d 1498. These adjectives do not describe Technique. It is true that intercourse is its theme, and nudity is generously displayed in full color. But if there be degrees in such matters, Technique is not nearly so pornographic nor so explicitly erotic as a film whose forfeiture was recently halted by the Second Circuit Court of Appeals. In that case, dealing with "I Am Curious—Yellow," Judge Friendly said, concurring:

> "Under *Memoirs* a publication cannot be condemned simply because 'the dominant theme of the material taken as a whole appeals to a prurient interest in sex' and 'the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters.' Although these criteria are met, 'a book cannot be proscribed unless it is found to be *utterly* without redeeming social value. This is so even though the book is found to possess the requisite prurient appeal and to be patently offensive. Each of the three federal constitutional criteria is to be applied independently: the social value of the book can neither be weighed against nor canceled by its prurient appeal or patent offensiveness.' " United States v. A Motion Picture Film, 404 F.2d 196, at 200.

By these standards, Technique cannot be condemned under the terms of the federal statute. Hence the Director of Customs is ordered to release the film. Nothing contained herein is of course an opinion that the film may properly be shown to minors or that its display is otherwise authorized. The libel is dismissed.